[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 19, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15822
Non-Argument Calendar

_____

D. C. Docket No. 06-00056-CR-FTM-99-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALDO EGUIA LARA,
a.k.a. Ivan Roy Lara,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 19, 2007)**

Before ANDERSON, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Ronaldo[1] Eguia Lara appeals his 70-month sentence following his guilty plea to one count of re-entering the United States after being deported based on an aggravated felony offense, in violation of 8 U.S.C. § 1326(a), (b)(2). Lara argues on appeal, inter alia, that the district court failed to consider properly the 18 U.S.C. § 3553(a) factors, fashioned a sentence that is greater than necessary to achieve the statutory purposes of sentencing, and imposed an unreasonable sentence.[2] After review, we affirm.

We review sentences for reasonableness in light of the factors listed in 18 U.S.C. § 3553(a). See United States v. Booker, 543 U.S. 220, 261, 125 S. Ct. 738, 765-66 (2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Post-Booker, we have established a two-part process for district courts to use in sentencing. Id. at 786. First, the district court must consult and correctly

_____

[1] According to Lara, his first name is properly spelled "Rolando." However, we use the incorrect spelling "Ronaldo" since it is the name used throughout the record and the parties' briefs.

[2] Although Lara objected in the district court to his criminal history category and requested a downward departure pursuant to U.S.S.G. § 5K2.0, he does not raise these issues in his brief. Therefore, we deem them abandoned. United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998).

determine the advisory guidelines range set forth in the Sentencing Guidelines. Id. Second, the district court must impose a reasonable sentence by considering the factors enumerated in 18 U.S.C. § 3553(a). Id. Included among the § 3553(a) factors are (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for deterrence; (5) the need to protect the public; (6) the Sentencing Guidelines range; and (7) the need to avoid unwanted sentencing disparities. 18 U.S.C. § 3553(a). However, the district court is not required "to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

Upon review of the record and the sentencing hearing transcript, and consideration of the briefs filed by both parties, we discern no reversible error.

First, there is no dispute on appeal that the district court correctly computed the advisory guidelines range. Second, the district court listened to Lara's arguments regarding his background and reasons for re-entering the United States. The district court stated that it had considered all of the § 3553(a) factors. The district court was not required to address separately each § 3553(a) factor, even

3

though it addressed some of them.  See Scott, 426 F.3d at 1329.

Third, Lara's 70-month sentence is at the low end of the advisory guidelines range and well within the statutory maximum of 20 years' imprisonment.  See 8 U.S.C. § 1326(b)(2).  Although the district court acknowledged that Lara had a unique immigration status, no ties to Mexico, and that sending him to Mexico would be like sending him to a foreign country, the district court also acknowledged the seriousness of Lara's lengthy criminal history, which is a proper factor to consider under § 3553(a).  18 U.S.C. § 3553(a)(1).  Moreover, Lara's argument that the district court gave too much weight to his criminal history is unpersuasive.

In sum, we conclude that Lara has not shown that his 70-month sentence is unreasonable.

**AFFIRMED.**