[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 13, 2008
THOMAS K. KAHN
CLERK

No. 06-11351

D. C. Docket No. 05-80146-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EARL BURGEST,
a.k.a. Earl Burgess,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

**(March 13, 2008)**

Before EDMONDSON, Chief Judge, DUBINA, Circuit Judge, and STORY,*
District Judge.

_____
*Honorable Richard W. Story, United States District Judge for the Northern District of Georgia,
sitting by designation.

DUBINA, Circuit Judge:

Appellant Earl Burgest ("Burgest") appeals his convictions on two counts of possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Burgest contends that the district court erred by admitting into evidence his post-arrest statement given to federal authorities after he waived his *Miranda*[1] rights but while he had retained counsel for a pending state drug charge. Burgest's challenge presents an issue of first impression in this circuit: whether the dual sovereignty doctrine[2] applies to the Sixth Amendment right to counsel. Based on the following discussion, we join the majority of circuits and hold that the dual sovereignty doctrine applies in the Sixth Amendment context. Because the drug offenses violated the laws of separate sovereigns, the state and federal offenses are not the same for purposes of the Sixth Amendment right to counsel. Thus, Burgest's right to counsel had not attached to his uncharged federal offenses at the time he made his incriminating statements. Accordingly, we conclude that the district court did not err in

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966).

[2] "The dual sovereignty doctrine is founded on the common-law conception of crime as an offense against the sovereignty of the government. When a defendant in a single act violates the 'peace and dignity' of two sovereigns by breaking the laws of each, he has committed two distinct 'offences.'" *Heath v. Alabama*, 474 U.S. 82, 88, 106 S. Ct. 433, 437 (1985) (quoting *United States v. Lanza*, 260 U.S. 377, 382, 43 S. Ct. 141, 142 (1922)).

admitting Burgest's post-arrest statement into evidence, and we affirm his

convictions.[3]

## I. BACKGROUND

A federal grand jury indicted Burgest on two counts of possession with

intent to distribute at least five grams of crack cocaine, in violation of 21 U.S.C.

§§ 841(a)(1), (b)(1)(B)(iii).  Burgest, through counsel, filed a pre-trial motion to

suppress, arguing that statements he made to federal agents during an interrogation

should be suppressed because the State of Florida had formally charged him with

possession of cocaine, and he was represented by counsel for the state charge

when federal agents interrogated him regarding the federal drug possession counts.

Burgest asserted that his written waiver of his *Miranda* rights was insufficient to

overcome an attached Sixth Amendment right to counsel.[4]  The Government

responded that Burgest's right to counsel was not violated when the federal agents

interviewed him regarding his drug possession charges because the state and

---

[3] Burgest also challenges the district court's denial of his motion to suppress the admission of the crack cocaine discovered by officers during a search of Burgest.  Because the arresting officer's testimony established probable cause for solicitation of prostitution under Florida law, the search incident to Burgest's arrest did not violate his Fourth Amendment rights.  Therefore, the district court properly denied Burgest's motion to suppress the crack cocaine.

[4] Burgest also claimed that the statements should be suppressed under the Fifth Amendment, and the district court denied the motion to suppress on this ground as well.  However, because Burgest does not assert a Fifth Amendment violation on appeal, we will not consider this assertion. *See United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998) (holding that defendant abandons an issue for which no argument is offered on appeal).

federal charges violated the laws of separate sovereigns and were thus not the same offense.

The district court held an evidentiary hearing on the motion. The parties reiterated the arguments made in their respective memoranda on the motion to suppress. Additionally, the Government noted, and the defense conceded, that the state charge was for possession of cocaine and the federal charges were for possession of crack cocaine with intent to distribute. The district court deferred ruling on the motion until trial. At trial, the district court denied the motion, finding the dual sovereignty doctrine applicable to the Sixth Amendment right to counsel analysis. Thus, because Burgest committed two distinct offenses, the district court found that his right to counsel did not attach to his federal charges at the time federal agents questioned him.

The case proceeded to trial, and Burgest moved for judgment of acquittal at the conclusion of the Government's case and at the conclusion of the presentation of all the evidence. The district court denied both motions, and the jury found Burgest guilty on both counts. The district court subsequently sentenced Burgest to 360 months imprisonment on both counts, to run concurrently, followed by eight years supervised release. Burgest then perfected this appeal.

## II. ISSUE

Whether the district court erred by admitting Burgest's post-arrest statement given to federal authorities after he had retained counsel for a pending state charge.

## III.  STANDARD OF REVIEW

When considering a district court's denial of a motion to suppress, we review its findings of fact for clear error and its application of the law to those facts *de novo*.  *United States v. Newsome*, 475 F.3d 1221, 1223 (11th Cir. 2007), *cert. denied*, 128 S. Ct. 218 (2007).  We construe all facts in the light most favorable to the prevailing party, in this case, the Government.  *Id.* at 1223-24.

## IV.  DISCUSSION

Under the Sixth Amendment, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defence."  U. S. Const. amend. VI.  The Sixth Amendment right to counsel is offense specific. *McNeil v. Wisconsin*, 501 U.S. 171, 175, 111 S. Ct. 2204, 2207 (1991).  "It cannot be invoked once for all future prosecutions, for it does not attach until a prosecution is commenced, that is, at or after the initiation of adversary judicial criminal proceedings – whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Id.* (internal quotation marks and citation omitted).  Moreover, "if police initiate interrogation after a defendant's

assertion, at an arraignment or similar proceeding, of his right to counsel, any waiver of the defendant's right to counsel for that police-initiated interrogation is invalid." *Michigan v. Jackson*, 475 U.S. 625, 636, 106 S. Ct. 1404, 1411 (1986).

In this case, there is no question that Burgest's Sixth Amendment right to counsel had attached to the state drug charge at the time the federal agents interviewed him. Because the Sixth Amendment right to counsel is offense specific, Burgest's prior invocation of his right to counsel for the charged state offense did not attach to Burgest's uncharged federal drug offenses if the federal offenses are separate offenses from the state drug offense. We hold that where conduct violates laws of separate sovereigns, the offenses are distinct for purposes of the Sixth Amendment right to counsel. Accordingly, Burgest's right to counsel did not attach to his federal charges at the time federal agents questioned him. *See United States v. Alvarado*, 440 F.3d 191 (4th Cir. 2006), *cert. denied*, 127 S. Ct. 81 (2006) (applying dual sovereignty doctrine to Sixth Amendment); *United States v. Coker*, 433 F.3d 39 (1st Cir. 2005) (same); *United States v. Avants*, 278 F.3d 510 (5th Cir. 2002) (same); *see also United States v. McCloud*, No. CR406-247, 2007 WL 1706353 (S.D. Ga. June 11, 2007); *United States v. Lall*, No. 8:06-cr-508-T-23MAP, 2007 WL 1521487 (M.D. Fla. May 23, 2007). *But see United*

*States v. Mills*, 412 F.3d 325 (2d Cir. 2005); *United States v. Red Bird*, 287 F.3d

709 (8th Cir. 2002).

As the *Coker* court noted,

[a]fter carefully examining *Cobb*, we conclude that the dual
sovereignty doctrine applies for the purposes of defining what
constitutes the same offense in the Sixth Amendment right to counsel
context.  In doing so, we reject the reasoning of the Second Circuit in
*Mills* and adopt the reasoning of the Fifth Circuit in *Avants*.  The
court in *Mills* stated that "[n]owhere in *Cobb*, either explicitly or by
imputation, is there support for a dual sovereignty exception" in the
Sixth Amendment right to counsel context.  *Mills*, 412 F.3d at 330.
This statement, in our view, does not give adequate consideration to
the Court's statement that it saw "no constitutional difference
between the meaning of the term 'offense' in the contexts of double
jeopardy and of the right to counsel."  *Cobb*, 532 U.S. at 173, 121 S.
Ct. 1335.  If the Court intended to incorporate only the *Blockburger*
test into its Sixth Amendment jurisprudence, then its statement in
*Cobb* would make no sense, as there would be a difference in the
meaning of the term "offense" in the contexts of double jeopardy and
of the right to counsel.

433 F.3d at 44.  Thus, "because [the charges] originate[d] from autonomous

sovereigns that each ha[d] the authority to define and prosecute criminal conduct,"

*Alvarado*, 440 F.3d at 194, Burgest's state drug charge was a different offense

than his federal drug charges for Sixth Amendment purposes.  Burgest's prior

invocation of his right to counsel for the state drug charge did not attach to the

uncharged federal drug offenses at the time of the interview.  Therefore, we

conclude that the federal agents' questioning, which occurred after Burgest's

7

voluntary waiver of his right to counsel and did not consist of any questions concerning the pending state drug charge, did not violate his Sixth Amendment right to counsel.[5]

Even if we were to find that the district court erred in denying Burgest's motion to suppress his incriminating statements, the error was harmless beyond a reasonable doubt. *See United States v. Turner*, 871 F.2d 1574, 1581-82 (11th Cir. 1989). Having reviewed the record, we are convinced that, even in the absence of the confession, the evidence against Burgest was sufficient to support his conviction. An officer testified that when he arrested Burgest, he had a pill bottle containing a large quantity of crack cocaine in his pocket, along with $285 in bills folded in a fashion commonly utilized by drug dealers. (R. Vol. 5, p. 411-16.) Laboratory tests showed that the substance in the pill bottle was cocaine base. (*Id.* at 450-52.) Additionally, a confidential informant testified that he purchased crack cocaine from Burgest. (R. Vol. 6, p. 590-98.) The Government presented a

---

[5] Burgest urges the application of the *Bartkus v. Illinois*, 359 U.S. 121, 79 S. Ct. 676 (1959), exception to the dual sovereignty doctrine. This exception arises when "one sovereign so thoroughly dominates or manipulates the prosecutorial machinery" of the other sovereign or "if it appears that one sovereign is controlling the prosecution of another merely to circumvent the defendant's Sixth Amendment right to counsel." *Coker*, 433 F.3d at 46 (quotations omitted). Specifically, Burgest claims that the federal and state investigations were inextricably intertwined, and the federal authorities were aware of his state counsel retention when they interviewed him. He claims that the agents had a preconceived plan to get him to admit to his involvement in drug activity. However, Burgest does not support his mere contention that the *Bartkus* exception applies in his case. Accordingly, we find no merit to his argument.

videotape of the drug transaction showing Burgest selling drugs to the confidential informant. Thus, because the record demonstrates that the evidence of guilt was overwhelming, any error in admitting Burgest's incriminating statement was harmless.

## V. CONCLUSION

"[A] federal offense and a state offense do not constitute the 'same offense' under the Sixth Amendment – even if the offenses are identical in their respective elements – because they are violations of the laws of two separate sovereigns." *Avants*, 278 F.3d at 522. Therefore, Burgest's prior invocation of his right to counsel for his state drug charge did not attach to the uncharged federal drug offenses when the federal agents interviewed him. Thus, the district court did not err in denying Burgest's motion to suppress his incriminating statements. Accordingly, we affirm Burgest's convictions.

AFFIRMED.