[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 27, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12015
Non-Argument Calendar

_____

D. C. Docket No. 06-00270-CR-01-CC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENJAMIN CARLTON DAVIS,
a.k.a. Herbert Leo Green,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 27, 2008)**

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

After pleading guilty, defendant Benjamin Davis appeals his conviction for

being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e). After review, we affirm.

## I. BACKGROUND

While conducting a roadblock at night, Atlanta police officers observed defendant Davis driving his car erratically by swerving and approaching the roadblock at a high rate of speed without headlights on. Before Davis's car reached the roadblock, officers ordered Davis to stop, and he did so. As one officer approached Davis's car, he saw Davis reach underneath the floorboard of the car. The officer asked Davis to extend his hands and exit the vehicle. Once Davis complied, officers observed a loaded automatic handgun on the floor of the car.

Davis was arrested, charged under Georgia law with unlawful possession of a firearm and given a traffic citation for driving without his headlights on. In a Georgia state court, Davis was arraigned on the state firearm charge. During the arraignment on January 3, 2006, Davis invoked his right to counsel and was represented by counsel.

Meanwhile, Special Agent Eric Degree from the federal Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") was assigned to investigate the Atlanta Police Department's report of Davis's gun possession. On January 19, 2006, about

2

two weeks after Davis's state arraignment, Special Agent Degree went to Davis's last known address in an attempt to interview Davis. Davis was not home, so Special Agent Degree left his cellular phone number with Davis's sister. Ten minutes later, Davis called Special Agent Degree and agreed to meet. Special Agent Degree returned to Davis's residence to interview him.

At the beginning of the interview, Special Agent Degree told Davis that he was with the ATF and wanted to talk to Davis about the incident at the roadblock and, more specifically, where Davis got the gun found in his possession. Special Agent Degree told Davis that his cooperation was voluntary. Davis agreed to talk with Special Agent Degree and told Special Agent Degree that the firearm was his, that he was a convicted felon, that he knew he should not have had the gun, but that he kept it for his personal protection. Because Special Agent Degree was conducting a non-custodial interview, he did not give Davis a warning pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966), or advise Davis of his right to counsel.

Subsequently, Davis was charged in federal court with one count of possessing a firearm as a convicted felon. Davis initially pled not guilty. Davis filed (a) a motion to suppress the firearm found during the search of his car; and (b) a motion to suppress the statements he made to Special Agent Degree. After an

3

evidentiary hearing, a magistrate judge entered a report and recommendation

("R&R") recommending the denial of Davis's suppression motions.  Over Davis's

objections, the district court adopted the findings in the R&R and denied Davis's

motions to suppress.

Davis entered a conditional guilty plea, reserving his right to appeal the

denial of his motions to suppress.  Davis was sentenced to 180 months'

imprisonment.  Davis timely appealed.

## II.  DISCUSSION[1]

### A.      Motion to Suppress Davis's Firearm

On appeal, Davis argues that the district court should have suppressed the

firearm found in his car because the roadblock was unconstitutional.  We need not

address whether the roadblock was unconstitutional because the officers stopped

Davis based on individualized suspicion not as part of the roadblock.  See City of

Indianapolis v. Edmond, 531 U.S. 32, 37, 121 S. Ct. 447, 457 (2000) ("When law

enforcement authorities pursue primarily general crime control purposes at

checkpoints . . ., stops can only be justified by some quantum of individualized

---

[1]"A district court's ruling on a motion to suppress presents a mixed question of law and fact."  United States v. Zapata, 180 F.3d 1237, 1240 (11th Cir. 1999).  We review the district court's factual findings for clear error and the district court's application of the law to the facts de novo.  Id.  All facts are construed in the light most favorable to the prevailing party below.  United States v. Bervaldi, 226 F.3d 1256, 1262 (11th Cir. 2000).

suspicion."); <u>Delaware v. Prouse</u>, 440 U.S. 648, 663, 99 S Ct. 1391, 1401 (1979) (holding that there must be articulable and reasonable suspicion to stop a motorist when conducting discretionary license and registration checks); <u>United States v. Holloman</u>, 113 F.3d 192, 195 (11th Cir. 1997) ("The Supreme Court has never intimated that the Fourth Amendment prohibits automobile stops when officers have probable cause to believe that a violation of traffic regulations has occurred.").

The facts, taken in the light most favorable to the government, show that Davis was driving erratically at an excessive rate of speed and without his headlights on although it was dark outside. Given Davis's driving, officers had an articulable and reasonable suspicion that Davis was violating state traffic laws. Thus, Davis's erratic and dangerous driving provided the officers with ample reason to stop Davis regardless of the presence of the roadblock. Therefore, the district court did not err in denying Davis's motion to suppress the firearm.

## B.    Motion to Suppress Davis's Statements

Davis argues that the district court should have suppressed his statements to ATF Special Agent Degree because that interrogation violated Davis's Sixth Amendment right to counsel. Because Davis was charged with essentially the same offense in both state court and federal court, Davis argues that his invocation

of the right to counsel on the state firearm charge should apply to the federal firearm charge as well.

This Court has recently addressed this issue and concluded that "where conduct violates laws of separate sovereigns, the offenses are distinct for purposes of the Sixth Amendment right to counsel." United States v. Burgest, ___ F.3d ___, No. 06-11351, slip op. at 6 (11th Cir. Mar. 13, 2008). Thus, when the two comparable charges originate in state and federal court, the "dual sovereignty doctrine" applies and the two offenses are different for Sixth Amendment purposes. See id. at 6-7. Under such circumstances, a defendant's invocation of his right to counsel in the state criminal proceedings does "not attach to the uncharged federal . . . offenses at the time of the interview." Id. at 7.

Accordingly, under Burgest, Davis's invocation of his right to counsel in the state court proceedings on the state firearm offense did not attach to the uncharged federal firearm offense at the time he agreed to speak with Special Agent Degree. Accordingly, the district court did not err in denying Davis's motion to suppress his statements made to Special Agent Degree.

For all these reasons, we affirm Davis's firearm conviction and sentence.

**AFFIRMED.**

6