[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12050
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 13, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00089-CV-CDL-4

CARLTON BRANTLEY,

Plaintiff-Appellant,

versus

MUSCOGEE COUNTY SCHOOL DISTRICT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(April 13, 2009)

Before BLACK, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Carlton Brantley, an African-American male, appeals the district court's grant of Muscogee County School District's (MCSD's), motion for summary judgment as to his complaint alleging racial discrimination, raised pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

Brantley argues the district court erred in granting summary judgment, because he established a *prima facie* case of race discrimination. He asserts that inconsistent and contradictory witness statements, as well as his own allegations, establish the existence of disputed issues of material fact. Although he initially asserts MCSD has not articulated a legitimate, non-discriminatory reason for reassigning him to a new position, he later concedes MCSD has met this burden. Still, Brantley contends MCSD's stated reasons for reassigning him were pretext.

An appellant is deemed to have abandoned an issue if he offers no argument on the issue on appeal. *See United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998). In this case, Brantley has abandoned his claims regarding (1) his original pay grade at the time he was hired, (2) his original assignment to light duty in 2003, and any complaints about this assignment made prior to November 28, 2004, and (3) his loss of a promotion in January 2004, because he fails to address the district court's finding that these claims were untimely. Similarly, Brantley has abandoned his claims regarding his reassignment to his masonry duties in 2005,

because he does not address the district court's finding that his reassignment did not constitute an adverse employment action. Brantley offers no argument regarding his retaliation claims, so he abandons them. Finally, Brantley abandons his remaining pay grade claims, because he fails to offer any argument concerning MCSD's failure to increase his pay grade.

Although Brantley has preserved his claim regarding his post-November 28, 2004, requests to transfer back into his original masonry position, the district court correctly granted MCSD's motion for summary judgment on this claim, because (1) Brantley failed to establish he was treated less favorably than similarly-situated white employees, (2) MCSD offered a legitimate, non-discriminatory reason for its actions, and (3) Brantley failed to show this reason was pretext. *See Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004) (plaintiff can establish a *prima facie* case by showing he was "a qualified member of a protected class and was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class"); *Texas Dep't of Cmty. Affairs v. Burdine*, 101 S. Ct. 1089, 1095 (1981) (plaintiff must show the proffered reason was pretext if the employer articulates a legitimate, non-discriminatory reason for the action). Accordingly, we affirm the district court's grant of summary judgment.

**AFFIRMED.**

3