[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-10677
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 26, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-60964-CV-CMA

BRETT RENSLOW,
an individual,

Plaintiff-Appellant,

CUNEYT DURU, etc., et al.,

Plaintiffs,

versus

CAPITAL ONE SERVICES, INC.,
a foreign corporation authorized to
do business in the State of Florida,

Defendant,

CAPITAL ONE BANK (USA), N.A.,
a nationally chartered institution
headquartered in Virginia,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 26, 2009)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Brett Renslow, Cuneyt Duru, Melek Duru, and Ann Marie Caban (collectively "Plaintiffs") appeal the district court's dismissal of their complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). On appeal, plaintiffs argue that their complaint did state a viable claim for breach of the covenant of good faith and fair dealing against Capital One Bank (U.S.A.), N.A. ("Capital One").[1] We agree with the district court and affirm.

Plaintiffs filed this class action suit against Capital One alleging that Capital One was improperly calculating and charging the daily periodic rate for finance charges in leap years. Specifically, Plaintiffs alleged that Capital One

> intentionally overcharges card holders by dividing the nominal annual percentage rate for any given billing cycle by 365, instead of 366, in order to arrive at an inflated 'daily periodic rate.' CAPITAL ONE then applies this inflated 'daily periodic rate' to determine finance charges for every one of the 366 days that comprise a leap year.

---

[1] In their complaint, Plaintiffs asserted multiple claims against Capital One, including breach of fiduciary duty, breach of implied fiduciary duty, violations of the Florida Deceptive and Unfair Trade Practices Act, and a request for injunctive relief. Plaintiffs, however, failed to offer any arguments regarding these causes of action on appeal and have therefore abandoned these claims. United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998). Plaintiffs briefly mentioned their claim for breach of an implied fiduciary duty in their "Statement of Issues," but never mentioned this again. This brief reference to a claim is insufficient to raise the issue on appeal. Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

Plaintiffs alleged that this scheme overcharged them for leap years 2004 and 2008 and thereby breached the implied covenant of good faith and fair dealing.

Capital One sent a mailing to each plaintiff, inviting them to apply for a credit card. Each plaintiff applied for a credit card and entered into a "Customer Agreement" with Capital One which described the terms of the use of the credit card. Although Plaintiffs held slightly different versions of Capital One's credit card, the language regarding the calculation of the daily periodic rate was identical – or nearly identical – in the customer agreements for each plaintiff. The customer agreements stated: "We determine the daily periodic rate by dividing the annual percentage rate by 365 and rounding it to the nearest 1/100,000th of 1%."

Plaintiffs asserted that because the agreements do not explicitly provide for an interest rate applicable to leap years, Capital One "re-defin[ed] to its advantage" the daily periodic rate in leap years. Plaintiffs stated that Capital One "did so when it determined this interest rate in a leap year by dividing the nominal Annual Percentage Rate not by 366, the actual number of daily periods that comprise the leap year, but by 365, the daily periods comprising a regular year, in order to arrive at an inflated periodic rate."

We review a grant of a motion to dismiss for failure to state a claim de novo, "accepting the allegations in the complaint as true and construing them in

3

the light most favorable to the plaintiff." Spain v. Brown & Williamson Tobacco Corp., 363 F.3d 1183, 1187 (11th Cir. 2004).

Under the Virginia law applicable to these agreements,[2] "every contract contains an implied covenant of good faith and fair dealing in the performance of the agreement." Pennsylvania Life Ins. Co. v. Bumbrey, 665 F.Supp. 1190, 1195 (E.D. Va. 1987) (citing McMullen v. Entre Computer Ctr., Inc., 819 F.2d 1279 (4th Cir. 1987)). The implied covenant of good faith and fair dealing does not, however, apply to the rights created in a valid and binding written contract. Ward's Equip., Inc. v. New Holland N. Am., Inc., 493 S.E.2d 516, 520 (Va. 1997). Additionally, "[a]n implied duty of good faith cannot be used to override or modify explicit contractual terms." Riggs Nat'l Bank of Wash., D.C. v. Linch, 36 F.3d 370, 373 (4th Cir. 1994).

Here, the contract explicitly lays out the method of calculating the "daily periodic rate" which establishes the daily interest rate applied to credit card charges; the contract clearly states that the rate will be the annual rate divided by 365. This contract language clearly and unambiguously establishes how the daily

---

[2] All relevant credit card agreements contain a forum selection clause designating Virginia law as the state law governing this dispute. Although plaintiffs challenged the validity of the forum selection clauses and the application of Virginia law below, they have not raised any such arguments before this court. They have therefore abandoned that issue, Cunningham, 161 F.3d at 1344, and we apply Virginia law to this dispute.

periodic rate will be calculated for every day of every year. Virginia law does not allow alteration of such explicit contract terms in the name of an implied covenant of good faith and fair dealing. Riggs, 36 F.3d at 373. Thus, we will not alter the terms of the contract for leap years.

The failure to provide a separate calculation for leap years does not create any ambiguity allowing for the application of an implied covenant of good faith and fair dealing. Capital One established a set method by which it would calculate the daily interest rate for all days in all years. It need not specifically clarify that it will apply the same method even in leap years; it stated that it would apply this calculation in leap years by stating that it would calculate the rate in this manner in all instances. As stated above, because there is no ambiguity, Virginia law precludes us from altering the plain language of the contract under an implied covenant of good faith and fair dealing.

Because the unambiguous written contracts between the plaintiffs and Capital One foreclose recovery for breach of any implied covenant of good faith and fair dealing, we **AFFIRM** the decision of the district court to dismiss Renslow's complaint for failure to state a claim.