PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------
No. 97-3419
----------------------

D. C. Docket No. 4:96-CR-71-RH

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
12/04/98
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IVAN RUSSELL CUNNINGHAM,

Defendant-Appellant.

------------------------
Appeal from the United States District Court
for the Northern District of Florida
-------------------------

**(December 4, 1998)**

Before HATCHETT, Chief Judge, MARCUS, Circuit Judge, and KRAVITCH, Senior Circuit
Judge.

KRAVITCH, Senior Circuit Judge:

This appeal requires us to decide whether Congress exceeded its authority under the Commerce Clause when it enacted 18 U.S.C. § 922(g)(8), which renders it unlawful for any person who is subject to a protective order that prohibits domestic violence to "possess in or affecting commerce . . . any firearm." We hold that section 922(g)(8) is constitutional, and AFFIRM the defendant's conviction.

I.

On September 16, 1996, a Florida circuit judge, in Florida's Second Judicial Circuit, entered an "injunction against repeat violence" that enjoined Ivan Russell Cunningham from assaulting or contacting Debra Gilman. On October 6, 1996, an officer of the Tallahassee Police Department found a firearm in Cunningham's car. After a federal grand jury indicted Cunningham, he filed a motion to dismiss the indictment on the ground that section 922(g)(8) was an unconstitutional exercise of Congress's Commerce Clause authority. The district court denied Cunningham's motion, and he entered a conditional plea of guilty.

II.

As a condition of his guilty plea, Cunningham reserved the right to appeal only whether section 922(g)(8) required him to know that his possession of the firearm violated federal law. Nevertheless, because Cunningham has offered no argument on this issue on appeal, we find that he has abandoned it. See Cross v. United States, 893 F.2d 1287, 1289 n.4 (11th Cir. 1990). By

virtue of his knowing and voluntary guilty plea,[1] Cunningham waived the right to appeal all other nonjurisdictional challenges to his conviction that arose prior to his plea. See United States v. Tomeny, 144 F.3d 749, 751 (11th Cir. 1998). As a result, we will not address Cunningham's argument that an "injunction against repeat violence" under Florida law does not qualify as an order implicating an "intimate partner" as section 922(g)(8)(C) requires. A guilty plea, however, does not bar an appeal that raises a jurisdictional question. See Tomeny, 144 F.3d at 751. Accordingly, we now turn to the merits of Cunningham's challenge to section 922(g)(8).

## III.

Cunningham contends that Congress exceeded its authority under the Commerce Clause when it enacted section 922(g)(8), which provides:

It shall be unlawful for any person—
. . . .
    (8) who is subject to a court order that—
        (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
        (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
        (C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
        (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury;
    . . . .

---

[1] Of course, the rule that a defendant's guilty plea waives all prior nonjurisdictional claims on appeal depends on the knowing and voluntary nature of the plea. See United States v. Pierre, 120 F.3d 1153, 1156-57 (11th Cir. 1997).

3

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Cunningham relies upon the Supreme Court's decision in United States v. Lopez, 514 U.S. 549, 115 S. Ct. 1624 (1995), which held that 18 U.S.C. § 922(q), a related statutory provision that outlawed the possession of guns in school zones, was an unconstitutional exercise of Congress's authority to regulate interstate commerce. We review Cunningham's constitutional challenge to section 922(g)(8) as a question of law, de novo. See United States v. Dascenzo, 152 F.3d 1300, 1301 (11th Cir. 1998).

In Lopez, the Court identified "three broad categories of activity that Congress may regulate under its commerce power," 514 U.S. at 558, 115 S. Ct. at 1629: (1) Congress "may regulate the use of the channels of interstate commerce," id.; (2) Congress may "regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities," id.; and (3) Congress may "regulate those activities . . . that substantially affect interstate commerce," id. at 558-59, 115 S. Ct. at 1629-30. After observing that the regulation of the mere intrastate possession of a firearm could not be considered regulation of a channel or instrumentality of interstate commerce, the Court reviewed section 922(q) to determine if it regulated an activity substantially affecting interstate commerce. See id. at 559, 115 S. Ct. at 1630. The Court concluded that section 922(q) "by its terms has nothing to do with 'commerce' or any sort of economic enterprise, however broadly one might define those terms," id. at 560, 115 S. Ct. at 1630-31, and accordingly decided that intrastate possession of a firearm in a school zone does not substantially affect interstate commerce, id. at 567, 115 S. Ct. at 1634. In so concluding, the Court observed that section

4

922(q) "contains no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce." Id. at 561, 115 S. Ct. at 1631; see id. at 562, 115 S. Ct. at 1631 ("Unlike the statute in [United States v. Bass, 404 U.S. 336, 92 S. Ct. 515 (1971), which made it a crime for a felon to "receiv[e], posses[s], or transpor[t] in commerce or affecting commerce . . . any firearm"], § 922(q) has no express jurisdictional element which might limit its reach to a discrete set of firearm possessions that additionally have an explicit connection with or effect on interstate commerce.").

Unlike the provision invalidated in Lopez, however, section 922(g)(8) contains an explicit jurisdictional element: Congress limited the proscriptive reach of section 922(g)(8) to possession of firearms "in or affecting commerce." Although we have "rejected the argument that Lopez requires Congress to place a jurisdictional element in every statute enacted pursuant to the Commerce Clause . . .," United States v. Wright, 117 F.3d 1265, 1269 (11th Cir.) (emphasis added) (citing United States v. Olin Corp., 107 F.3d 1506, 1510 (11th Cir. 1997)), cert. denied, __ U.S. __, 118 S. Ct. 584 (1997), vacated in part on other grounds, 133 F.3d 1412 (11th Cir. 1998), a statute regulating noneconomic activity necessarily satisfies Lopez if it includes a "jurisdictional element which would ensure, through case-by-case inquiry," Lopez, 514 U.S. at 561, 115 S. Ct. at 1631, that the defendant's particular offense affects interstate commerce, see Olin, 107 F.3d at 1509 ("Congress can maintain the constitutionality of its statutes under [the substantial effect standard] by including in each a `jurisdictional element . . . .'").

In United States v. McAllister, 77 F.3d 387, 390 (11th Cir.), cert. denied, __ U.S. __, 117 S. Ct. 262 (1996), we upheld against a Commerce Clause challenge 18 U.S.C. § 922(g)(1),

which prohibits possession of a firearm by "any person . . . who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year," precisely because Congress included in the statute the *same* jurisdictional element that is at issue in this case.  See id. ("§ 922(g) makes it unlawful for a felon to 'possess in or affecting commerce[] any firearm or ammunition.'  This jurisdictional element defeats McAllister's facial challenge to the constitutionality of § 922(g)(1).") (internal citation omitted).  See also United States v. Nichols, 124 F.3d 1265, 1266 & n.2 (11th Cir. 1997) (applying McAllister and noting that the decision remains good law) (per curiam), cert. denied, __ U.S. __, 118 S.Ct. 1096 (1998).  We follow McAllister and conclude that the jurisdictional element in section 922(g), which applies to both section 922(g)(1) and section 922(g)(8), defeats Cunningham's facial challenge to the constitutionality of section 922(g)(8).

Although our decision resolves a question of first impression in this Circuit, our conclusion that Congress acted within its authority under the Commerce Clause when it enacted section 922(g)(8) is not unique.  Since our decision in McAllister, we have upheld a number of federal statutes in the face of Commerce Clause challenges by relying on Congress's inclusion of a jurisdictional element that ensures the requisite nexus with interstate commerce on a case-by-case basis.  See, e.g., Belflower v. United States, 129 F.3d 1459, 1461-62 (11th Cir. 1997) (upholding 18 U.S.C. § 844(i) against a Lopez challenge and collecting cases rejecting Commerce Clause challenges to various federal statutes).  Moreover, the only other two federal circuits that have considered the constitutionality of section 922(g)(8) have concluded that it falls within Congress's Commerce Clause authority  because the jurisdictional provision  sufficiently limits the section to cases involving interstate commerce.  See United States v. Wilson, No. 98-

6

1256, (7th Cir. Oct. 16, 1998); United States v. Pierson, 139 F.3d 501, 503 (5th Cir.), cert. denied, __ U.S. __, 119 S. Ct. 220 (1998).

Cunningham concedes that the firearm that the Tallahassee Police Department found in his possession had traveled in interstate commerce. We have held that no more is required to satisfy the jurisdictional limitations of section 922(g).[2] See McAllister, 77 F.3d at 390 (relying on Scarborough v. United States, 431 U.S. 563, 575, 97 S. Ct. 1963, 1969 (1977), for the proposition that "the interstate nexus requirement for the predecessor statute to § 922(g) was met once the government demonstrated that the gun had previously travelled in interstate commerce"); see also Wilson, ("[T]he government need only prove 'a prior movement of the firearm across state lines' to satisfy the jurisdictional element [of section 922(g)] and the Commerce Clause.") (quoting United States v. Lewis, 100 F.3d 49, 51-52 (7th Cir. 1996)); Pierson, 139 F.3d at 503-04 ("[T]he 'in or affecting' commerce element [of section 922(g)] can be satisfied if the illegally possessed firearm had previously traveled in interstate commerce.") (citing United States v. Rawls, 85 F.3d 240, 242 (5th Cir. 1996), and Scarborough, 431 U.S. at 575, 97 S. Ct. at 1969).

Accordingly, we hold that section 922(g)(8) is a constitutional exercise of Congress's power under the Commerce Clause and that its application to Cunningham is constitutional as well. We AFFIRM Cunningham's conviction.

---

[2] Moreover, in United States v. Viscome, 144 F.3d 1365, 1370 (11th Cir.), cert denied, __ U.S. __, __ S. Ct. __, (1998), we held that a similar as-applied challenge to the sufficiency of the government's evidence on the connection with commerce was nonjurisdictional, and that a defendant's guilty plea, therefore, waived the issue on appeal.