[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 3, 2005
THOMAS K. KAHN
CLERK

No. 04-11400
Non-Argument Calendar

_____

BIA No. A76-416-289

FAWZI ABOUSHEHATA,

Petitioner,

versus

U. S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

(May 3, 2005)

Before ANDERSON, HULL and GIBSON[*], Circuit Judges.

PER CURIAM:

---

[*]Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Fawzi Aboushehata, a stateless Palestinian, who was born in Saudi Arabia but does not have citizenship status in that country, petitions for review of the Board of Immigration Appeals ("BIA") decision affirming an immigration judge's ("IJ") denial of his application for asylum and withholding of removal.

On appeal, Aboushehata claims that he qualified for asylum and withholding of removal.[1] Aboushehata asserts that he suffered past persecution because his rights in Saudi Arabia were severely curtailed and abused because he was a Palestinian, despite the fact that he was born in Saudi Arabia. Aboushehata points to Saudi Arabia's stringent limitations on his rights to work and travel. Further, he claims that he was twice subjected to arbitrary arrest and detention based on his Palestinian nationality. The evidence showed, however, that Aboushehata was arrested and jailed for two weeks when a physical altercation resulted between him and his employer-sponsor. The other arrest occurred after Aboushehata was discovered to be working without a work permit.

Aboushehata asserts that his son, Muhummed, also suffered persecution on account of his nationality, namely, he was denied permission to obtain heart surgery at King Fasal Hospital because he was a Palestinian-American. Because

---

[1]In his brief, Aboushehata does not raise any challenge to the denial of relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). When a petitioner fails to offer argument on an issue, that issue is abandoned. See United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998).

Muhummed has a rare chromosome abnormality, he needs constant medical treatment and care, which Aboushehata contends that his son cannot obtain in Saudi Arabia as a Palestinian.

Next, Aboushehata argues that he has a well-founded fear of future persecution largely because if he returns, the Saudi government would jail him indefinitely because he remained out of the country longer than he was allowed. Even if he is released from jail, he claims that he would not be able to obtain permission to work and secure the necessary medical treatment for his son because of his Palestinian heritage.

The BIA denied Aboushehata's claim for asylum and withholding of removal. The IJ found significant parts of Aboushehata's testimony about his arrests and detention to lack credibility. The BIA then concluded that even assuming Aboushehata's testimony was credible, Aboushehata had failed to establish either past persecution or a well-founded fear of future persecution. The BIA reasoned that Aboushehata's arrests for working without the work permit and for getting into a physical altercation with his employer-sponsor did not establish past persecution or a well-founded fear of future persecution. The BIA further stressed that Aboushehata was ultimately allowed to leave Saudi Arabia to obtain medical treatment for his son, and that his son successfully received medical

3

treatment in the United States. According to the BIA, the fact that Aboushehata was not able to arrange for his son to have the necessary surgery in Saudi Arabia because he and the child were not Saudi citizens did not constitute persecution (especially because Saudi Arabia allowed Aboushehata to bring his son to the United States for the surgery), nor did the fact that Aboushehata may face certain consequences for not returning to Saudi Arabia on time.

The BIA's factual determinations are reviewed under the substantial evidence test, and we must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-84 (11th Cir. 2001) (citation omitted); see Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), petition for cert. filed (U.S. Oct. 28, 2004) (No. 04-7944) ("In sum, findings of fact made by administrative agencies, such as the BIA, may be reversed by this court only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings.").

An alien who arrives in or is present in the United States may apply for asylum. See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee."

See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1).  A "refugee" is

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of **persecution or a well-founded fear of persecution on account of** race, religion, **nationality**, **membership in a particular social group**, or political opinion . . . .

8 U.S.C. § 1101(a)(42)(A) (emphasis added).  The asylum applicant carries the burden of proving statutory "refugee" status.  Al Najjar, 257 F.3d at 1284.

To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that this statutorily listed factor will cause such future persecution.  8 C.F.R. §§ 208.13(a)-(b); Al Najjar, 257 F.3d at 1287.  A "well-founded fear" of future persecution may be established by showing (1) past persecution that creates a  presumption of a well-founded fear and overcomes any rebuttal by the INS, (2) a reasonable possibility of personal persecution that cannot be avoided by relocating within the subject country, or (3) a pattern or practice in the subject country of persecuting members of a statutorily defined group of which the alien is a part.  See 8 C.F.R. §§ 208.13(b)(1)-(2).  The "well-founded fear" inquiry has both a subjective and objective component - that is, the applicant must show that her fear of persecution is subjectively genuine and objectively

5

reasonable.  See Al Najjar, 257 F.3d at 1289.  The subjective component is generally satisfied by the applicant's credible testimony that he or she genuinely fears persecution.  Id.  "In most cases, the objective prong can be fulfilled either by establishing past persecution or that he or she has a 'good reason to fear future persecution.'"  Id. (citation omitted).

"Persecution" is an extreme concept that does not include every sort of treatment our society regards as offensive.  Gonzalez v. Reno, 212 F.3d 1338, 1355 (11th Cir. 2000).  To qualify as past persecution, "a person's experience must rise above unpleasantness, harassment, and even basic suffering."  Nelson v. Immigration and Naturalization Serv., 232 F.3d 258, 263 (1st Cir. 2000).     An alien seeking withholding of removal under the INA must show that his life or freedom would "more-likely-than-not" be threatened upon return to his country because of, among other things, his national origin.  See Mendoza v. United States Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).  This standard is more stringent than the "well-founded fear" standard for asylum.  See Al Najjar, 257 F.3d at 1292-93.

After review and oral argument, we conclude that substantial evidence supports the BIA's denial of Aboushehata's application for asylum and withholding of removal.  For example, Aboushehata first arrest occurred because

6

he did not have a necessary work permit. Aboushehata's second arrest occurred after he got into a physical altercation with his employer-sponsor. Finally, and although his son did not receive surgery in Saudi Arabia, Aboushehata was permitted to travel to the United States to obtain the necessary surgery for his son. Substantial evidence supports the BIA's conclusion that none of these events, either alone or in combination, amount to past persecution or a well-founded fear of future persecution.

Accordingly, we deny Aboushehata's petition for review.

**PETITION DENIED.**