[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-12762
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 9, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00249-CR-T-24-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID O. EDWARDS,
a.k.a. Dre,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 9, 2005)

Before TJOFLAT, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

A jury found appellant guilty of conspiracy to possess with intent to

distribute in excess of 50 grams of crack cocaine (Count One) and two possession

of crack cocaine with-intent-to-distribute counts (Counts Two and Three), and the district court sentenced him to prison for 300 months on each count, the sentences to run concurrently. He now appeals, arguing that the court committed Booker error because it sentenced him in violation of the Sixth Amendment; that is, it sentenced him under a mandatory sentencing guidelines scheme on the basis of facts not found by the jury or admitted by him. See United States v. Booker, 543 U.S. ___, 125 S. Ct. 738, 769, 160 L. Ed.2d 621 (2005).[1]

Because appellant did not present this argument to the district court, we review it for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005), cert. filed, No. 04-12676 (Feb. 4, 2005). To find plain error, we must conclude that (1) the district court committed error that (2) was plain or obvious, (3) affected the defendant's "substantial rights" in that he suffered prejudice, and (4) "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 731-736, 113 S. Ct. 1770, 1776-1779, 123 L. Ed. 2d 508 (1993). As in Rodriguez, we find that the court erred and that the error was plain or obvious. Appellant has not shown that his

---

[1] Although appellant objected to the sufficiency of the evidence regarding the amount of drugs and obstruction of justice, he does not raise those issues on appeal. To the extent that he attempts to raise any sufficiency-of-the-evidence issues in his statement, "[a]lternatively, the government did not meet its burden of proof," he has failed to offer any supporting arguments. As such, appellant has abandoned those issues. See United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998) (stating that defendant abandoned a preserved issue by offering no arguments on the issue).

2

substantial rights were affected, though, because he has not established from the record before the district court that he would have received a lesser sentence had the court considered the Sentencing Guidelines advisory as opposed to mandatory. Rodriguez, 398 F. 3d at 1301. Because appellant fails to satisfy plain error's third element, we need not consider the fourth element.

Appellant has failed to show plain error. His sentences are therefore AFFIRMED.

Tjoflat, Circuit Judge, concurring specially:

As I explain in my dissent to the court's refusal to rehear Rodriguez en banc, the error in a case such as this—where the district court enhances the defendant's sentence on the basis of facts not admitted by the defendant or found by a jury—is structural error, and the third prong of the plain-error test is, therefore, inapplicable.  See United States v. Rodriguez, — F.3d —, 2005 WL 895174 (11th Cir. Apr. 19, 2005) (Tjoflat, J., dissenting from the denial of rehearing en banc). Accordingly, the court should consider whether the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."  United States  v. Olano, 507 U.S. 725, 736, 113 S. Ct. 1770, 1779, 123 L. Ed.2d 508 (1993).  The court declines to do that because, as I agree, it is Rodriguez bound.