[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 21, 2006
THOMAS K. KAHN
CLERK

No. 05-13034
Non-Argument Calendar

_____

D. C. Docket No. 95-06031-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRACY TOPAZ TURNER,
a.k.a. Tony Brow,
a.k.a. Tracy Thomas,
a.k.a. Tony H. Brown,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 21, 2006)

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Tracy Topaz Turner, a federal prisoner proceeding pro se, appeals the district court's denial of his motion to modify or correct his sentence under 18 U.S.C. § 3582(c)(2). For the reasons set forth more fully below, we affirm.

Turner was convicted by a jury of one count of conspiracy to possess and two counts of possession with the intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced to 360 months' imprisonment on each count to run concurrently. Turner's conviction and sentence were affirmed on appeal in 1997. The record indicates that Turner filed a motion to vacate, which was denied. Turner then filed a motion for relief from his judgment under Federal Rule of Civil Procedure 60(b)(4) and (b)(6), arguing, among other things, that his counsel was ineffective for failing to object to the use of prior convictions to enhance his sentence. Turner's motion was denied, and both the district court and this Court denied his request for a certificate of appealability.

On April 11, 2005, Turner filed the instant motion to modify or correct his sentence under 18 U.S.C. § 3582(c)(2). He argued that the Supreme Court's opinion in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed. 2d 621 (2005) acted as a clarifying amendment to the guidelines and that Booker should, therefore, be applied retroactively to permit the district court to resentence him without the enhancements made to his sentence based on prior convictions under

2

U.S.S.G. § 4B1.1.  The district court denied the motion after finding that the Booker decision did not apply retroactively.  Turner's notice of appeal sought review of the denial of his § 3582(c)(2) motion.

On appeal, Turner does not appear to raise the same claims he raised in the district court.  Rather, he argues pro se that the district court erred by enhancing his sentence under U.S.S.G. § 4B1.1 because he only had one prior controlled substance conviction.  He further raises a claim of "actual innocence" because he did not meet the criteria for being a "career offender."  Lastly, he argues that his trial counsel was ineffective for failing to object to the career offender enhancement at sentencing.

We conclude that Turner abandoned his original argument regarding his § 3582(c)(2) motion by failing to offer any argument in his brief.  United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998).  Furthermore, we decline to address any of the arguments raised for the first time in Turner's brief because these arguments are § 2255 issues, and, as he has previously filed a § 2255 motion in district court, he failed to properly file a motion seeking this Court's permission to raise the arguments as required by statute.  See 28 U.S.C. §§ 2244(b)(3)(A)-(B), 2255.

**AFFIRMED.**