[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 22, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11255
Non-Argument Calendar

_____

D. C. Docket No. 96-00423-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIO LUIS ORTEGA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 22, 2007)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Julio Luis Ortega ("Ortega"), a federal inmate proceeding *pro se*,

appeals the denial of a motion to clarify and for reconsideration of the district court's denial of an earlier post-conviction motion alleging jurisdictional defects in his criminal sentence. On appeal, Ortega essentially reasserts the arguments he made in the post-conviction motion, asserting that the district court erred by originally sentencing him with enhancements. He argues that this court should remand the case for re-sentencing without those enhancements. Before addressing Ortega's argument, we first determine our jurisdiction and the scope of his appeal.

## I.

"The timely filing of a notice of appeal is a mandatory prerequisite to the exercise of appellate jurisdiction." *United States v. Grant*, 256 F.3d 1146, 1150 (11th Cir. 2001) (quoting *United States v. Ward*, 696 F.2d 1315, 1317 (11th Cir. 1983)). In addition, Fed.R.App.P. 3(c)(1)(B) requires that a notice of appeal "designate the judgment, order, or part thereof being appealed." "Ordinarily, failure to abide this requirement will preclude [us] from reviewing any judgment or order not so specified." *McDougald v. Jenson*, 786 F.2d 1465, 1474 (11th Cir. 1986). "[W]here some portions of [an order are] expressly made a part of the appeal, we must infer that the appellant did not intend to appeal other unmentioned orders or judgments." *Osterneck v. E.T. Barwick Industries, Inc.*, 825 F.2d 1521, 1529 (11th Cir. 1987).

2

The record demonstrates that the district court denied Ortega's post-conviction motion in August 2005. Nothing in the record or in the briefs filed by the parties suggests that the motion to clarify and for reconsideration was filed within the ten days following that order that would have tolled the time in which to appeal. Ortega did not file anything further until November 2005. Ortega filed his present notice of appeal in January 2006. Ortega expressly designated for appeal only the denial of the motion to clarify and for reconsideration. Based on the facts, Ortega's appeal is limited in a number of ways.

First, because Ortega's notice of appeal expressly limited his appeal to the denial of his motion to clarify and for reconsideration, we will infer that he is not appealing the denial of any other motion. *Osterneck*, 825 F.2d at 1529.

Next, because the present notice of appeal was not filed until after the untolled time in which to appeal the denial of the post-conviction motion had expired, we do not have jurisdiction to consider the merits of that denial. Fed.R.App.P. 4(a)(4)(A); *Grant*, 256 F.3d at 1150.

Finally, even if Ortega's notice of appeal had been filed in time to appeal the denial of the jurisdictional defect motion, because Ortega has limited his appeal to the denial of his motion to clarify and for reconsideration of the court's original denial of the jurisdictional defect motion, that underlying denial is not before this

3

court for review. *Browder v. Div., Dept. of Corr. of Illinois*, 434 U.S. 257, 263 n.7, (1978) ("an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review").

Accordingly, the scope of this appeal is limited to the denial of the motion to clarify and for reconsideration alone, and we will not consider Ortega's arguments as to the original denial of the post-conviction motion.

## II.

Even construing his initial and reply briefs liberally, Ortega only raises arguments as to the propriety of the district court's original denial of the post-conviction motion and does not in any way address the district court's denial of his motion to clarify and for reconsideration. Accordingly, we deem this argument abandoned. *United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998).

Because we lack jurisdiction to consider Ortega's arguments on appeal regarding the enhancement of his sentence, and because he has abandoned any argument over which we would have jurisdiction, we affirm the district court's denial of the motion to clarify and for reconsideration.

**AFFIRMED**.