[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 08-16528

_____

D. C. Docket No. 07-00535 CV-WSD-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 02, 2009
THOMAS K. KAHN
CLERK

R.W., By and through his parent,
M.W., M.W.,

Plaintiffs-Appellants,

versus

GEORGIA DEPARTMENT OF EDUCATION,
OFFICE OF STATE ADMINISTRATIVE
HEARINGS FOR THE STATE OF GEORGIA,
SOCIAL CIRCLE CITY SCHOOL DISTRICT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 2, 2009)

Before MARCUS, FAY and ANDERSON, Circuit Judges.

PER CURIAM:

After oral argument and careful consideration, we conclude that the judgment of the district court should be affirmed. We conclude that appellant's brief with respect to the exhaustion issue is so sparse and so clearly fails to address the relevant issues that appellant's claim in this regard is deemed abandoned. See United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998); Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989). Accordingly, we affirm the judgment of the district court with respect to the ADA and §504 claims.[1] We also conclude that the district court correctly held that appellant had no standing to sue the state defendants; appellant's allegations attempting to establish a causal connection to any act or responsibility of the state defendants were wholly conclusory and supported by no facts. See State of Ala. v. U.S. E.P.A., 871 F.2d 1548, 1556 (11th Cir. 1989).

With respect to appellant's appeal of the ALJ's decision dismissing without prejudice the IDEA complaint notice, we note first that any claim for equitable relief is moot. Thus, we carefully examined appellant's "More Detailed Submission" in order to identify any allegation which might have both provided sufficient notice and been sufficiently tied to a reimbursement claim. In other words, our focus was limited to claims that would not be moot. Assuming

---

[1] Even if we addressed the merits of the exhaustion issue, we would have affirmed.

arguendo a fairly low threshold requirement of notice, there might have been a few allegations which would arguably satisfy §1417(b)(7)(A). However, none of those was also alleged to have been the source of an expenditure or an entitlement to compensatory education by appellant for which reimbursement was sought.[2] Moreover, examining the amended complaint notice as a whole, the complaint is facially insufficient, and appellant wholly failed to comply with the ALJ's order, which gave appellant specific instructions to clarify and streamline the issues.

Finally, we cannot conclude that the district court abused its discretion in awarding attorneys' fees against counsel for appellant with respect to appellant's claims against the state defendants.

AFFIRMED.[3]

---

[2] With respect to appellant's discrimination claim, any damages sought therefor would be foreclosed by Ortega v. Bibb County Sch. Dist., 397 F.3d 1321 (11th Cir. 2005)

[3] Appellant does not challenge the district court's conclusion that OSAH was entitled to judicial immunity, and any such challenge would have been frivolous. Any other arguments by appellants are rejected without need for discussion. With respect to the attempts to supplement the record, we accept only the submissions relevant to the mootness issue; otherwise, we deny all motions to supplement the record.