[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2010
JOHN LEY
CLERK

No. 09-12888
Non-Argument Calendar

_____

D. C. Docket No. 07-20923-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRELL KNIGHT, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 15, 2010)

Before EDMONDSON, BIRCH and ANDERSON, Circuit Judges.

PER CURIAM:

Darrell Knight, Jr., appeals his conviction for conspiracy to commit bank

robbery, in violation of 18 U.S.C. § 371.[1]  On appeal, Knight argues that the

district court erred in admitting an out-of-court identification made by a

government witness, Burton, who stated to police that he gave a ride to Knight and

two other individuals shortly after the bank robbery.  Knight contends that the

photograph array shown to Burton highlighted his picture and was unduly

suggestive.  Knight also asserts that Burton's in-court identification was tainted by

the suggestive out-of-court identification.

## I.

Although not addressed by the parties, we consider *sua sponte* whether

Knight waived any objection to the out-of-court and in-court identifications by

failing to object to the magistrate's report, which recommended that his motion to

suppress the out-of-court and in-court identifications be denied.  Pursuant to Fed.

R. Crim. P. 59(b)(2), which became effective in 2005, a defendant's failure to file

specific written objections to a magistrate's report within fourteen days of being

served, or within some other time the court sets, waives the defendant's right to

---

[1]  Knight was also convicted of bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), conspiracy to possess, use, and carry a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) and (o), and possession, use, and carrying of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A).  Nevertheless, in his opening brief, he states only that we should reverse his conviction "as to Count One."  Therefore, Knight has waived any challenge to the other counts of conviction.  *See United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998) (issues not raised on appeal are deemed abandoned).

further review of that issue.  Waived claims are not subject to plain-error review. *United States v. Lewis*, 492 F.3d 1219, 1221 (11th Cir. 2007) (*en banc*).

In this case, the magistrate's report informed the parties that they had ten days to file written objections to its proposed findings and recommendations. However, Knight failed to file any objections to the report.  Therefore, he has waived any appellate challenge to the magistrate's finding that the out-of-court identification was not unduly suggestive.  *See* Fed. R. Crim. P. 59(b)(2). Moreover, because Knight's challenge to the in-court identification is premised upon the argument that the out-of-court identification was unduly suggestive, he has waived any challenge to the in-court identification as well.  After resting at trial, Knight indicated that he wished to renew his earlier objection to the admission of the identifications.  Nevertheless, this untimely objection, made well after the magistrate's prescribed ten-day period, was insufficient to preserve this issue for appellate review.  *See* Fed. R. Crim. P. 59(b)(2).  Accordingly, we affirm Knight's conviction as to Count One.

## II.

Even had Knight not waived this issue, we would nevertheless affirm his conviction.  If preserved, the issue of whether a district court violated a defendant's right to due process by admitting an out-of-court identification is a mixed question

3

of law and fact that is subject to plenary review. *United States v. Diaz*, 248 F.3d 1065, 1103 (11th Cir. 2001).

We employ a two-step analysis in determining whether an out-of-court identification was properly admitted. *Diaz*, 248 F.3d at 1102. First, we ask whether the original identification procedure was unduly suggestive. *Id.* If we conclude that the identification procedure was suggestive, we must then consider "whether, under the totality of the circumstances, the identification was nonetheless reliable." *Id.* "Factors to be considered in determining whether the identification was reliable include: (1) opportunity to view; (2) degree of attention; (3) accuracy of the description; (4) level of certainty; and (5) length of time between the crime and the identification." *Id.* (citing *Neil v. Biggers*, 409 U.S. 188, 199-200, 93 S. Ct. 375, 382, 34 L.Ed.2d 401 (1972)).

Under the first step of its analysis, the district court held that the out-of-court identification procedure was not unduly suggestive. We review this conclusion for clear error. *Id.* After a thorough review of the record and the parties' briefs, we cannot conclude that the district court's holding was clearly erroneous.

First, in this case, the photograph array consisted of six mug-shot photographs of African-American males, all of whom appeared to be of similar age and build. Although Knight was of a lighter complexion than four of the other

4

individuals in the array and the background lighting in his photograph was slightly different from some of the other photographs, neither of these differences were stark enough so as to be unduly suggestive. *See, e.g.*, *Marsden v. Moore*, 847 F.2d 1536, 1545 (11th Cir. 1988) (procedure unduly suggestive where defendant was the only male in the photographs shown to the eyewitness); *O'Brien v. Wainwright*, 738 F.2d 1139, 1140-41 (11th Cir. 1984) (procedure unduly suggestive where witness was shown all black and white mug shots except for one color photograph of the defendant).

Second, Officer Starkey, the law enforcement officer conducting the identification procedure, handed the array face-down to Burton, and Burton himself turned it over to view the photographs. Officer Starkey also instructed Burton to identify any individual he recognized from the array and to explain what event in his life that person was associated with. Knight has failed to identify anything unduly suggestive about the photographic array or the identification procedures used by Officer Starkey. Because we conclude that the procedures were not unduly suggestive, we need not reach the second inquiry of whether the out-of-court identification was nonetheless reliable. *See Diaz*, 248 F.3d at 1102.

In determining whether an in-court identification violated a defendant's right to due process, we consider "(1) whether the original identification procedure was

unduly suggestive; and if so, (2) whether the procedure, given the totality of the circumstances, created a substantial risk of misidentification at trial." *Marsden,* 847 F.2d at 1545. Our conclusion that the out-of-court identification procedure was not unduly suggestive thereby precludes our consideration of Knight's argument that the in-court identification was tainted.

Accordingly, we affirm Knight's conviction.

**AFFIRMED.**[2]

---

[2]     Appellant's request for oral argument is denied.