[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 4, 2010
JOHN LEY
CLERK

No. 09-14063

D. C. Docket No. 07-02086-CV-T-33-EAJ

NATIKA GANT,

Plaintiff-Appellant,

versus

KASH'N KARRY FOOD STORES, INC.,
d.b.a. Sweetbay Supermarket,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Florida

(August 4, 2010)

Before DUBINA, Chief Judge, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Natika Gant, a black female, appeals from the district court's grant of summary judgment in favor of her former employer, Kash N' Karry Food Stores, Inc., d/b/a Sweetbay Supermarket ("Sweetbay"), in her employment discrimination suit under 42 U.S.C. § 1981 ("§ 1981"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3, ("Title VII"), and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10(7) ("FCRA"). Evidence before the district court showed that Gant, a customer service manager, complained to several Sweetbay managers following an incident in which she alleged that Robert Price, an evening manager, told her that he could not "stand ghetto black niggers." When she complained about Price's use of the word "nigger," she believed that he also had made several comments to black associates referencing the "ghetto," told a black associate that he would fit in at the MLK store as a result of his hair style, and told an associate to watch a black customer he thought would steal, when he had previously refused to do anything about two white customers who were obviously stealing.

While Sweetbay had a policy prohibiting race discrimination, the company also required that information obtained during an investigation be treated as confidential. Sweetbay fired Gant less than a month after she complained about Price, stating that it was doing so because she disclosed one or more incidents with Price to two other managers in violation of the company's confidentiality policy.

2

Gant originally asserted race discrimination and harassment claims as well as retaliation claims, but at her request, the district court dismissed the race discrimination and harassment claims.[1]  When it granted summary judgment in favor of Sweetbay on her remaining retaliation claims, the district court found that Gant did not establish a *prima facie* case of retaliation because, even assuming that Price did everything Grant alleged, she did not have an objectively reasonable belief that she was engaged in protected activity.  The court made an alternative finding that even if she had established a *prima facie* case, Sweetbay proffered a legitimate, non-retaliatory reason for her termination – her violation of the company's confidentiality policy – and Gant did not establish that this proffered reason was a pretext for discrimination.

On appeal, Gant challenges both of these determinations and points to several factual inconsistencies that she claims establish that the asserted reason for her termination was pretextual.

**I.**

---

[1]Gant does not challenge the dismissal of her race discrimination and harassment claims on appeal; therefore, she has abandoned any argument with respect to those claims.  *See United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998) (noting that when an appellant fails to offer argument on an issue, that issue is abandoned).

We review *de novo* the district court's order granting summary judgment. *Little v. United Technologies*, 103 F.3d 956, 959 (11th Cir. 1997). Summary judgment should be granted where there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). Thus where the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue of fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). The record and all of the inferences should be viewed in the light most favorable to the nonmoving party. *Id.* at 587-88, 106 S. Ct. at 1356-67.

## II.

Title VII prohibits retaliation against an employee because that employee has "opposed any practice made an unlawful employment practice by [Title VII]" or has "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). Section 1981 also prohibits retaliation on the basis of race, even though the statute is silent on that cause of action. *CBOCS West v. Humphries*, 553 U.S. ___, 128 S. Ct. 1951, 1961, 170 L. Ed. 2d 864 (2008). Claims under both § 1981 and the FCRA are analyzed under the same framework as Title VII. *Standard v. A.B.L.E.*

4

*Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998) (§ 1981); *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998) (FCRA).

To state a *prima facie* case for retaliation, the plaintiff must show that (1) she participated in a protected activity; (2) her employer subjected her to an act that would have been materially adverse to a reasonable employee, and (3) a casual connection exists between the protected activity and the adverse employment decision. *Burlington Northern & Santa Fe Ry. Co.*, 548 U.S. 53, 68, 126 S. Ct. 2405, 2415, 165 L. Ed. 2d 345 (2006) (announcing "materially adverse" element); *Olmstead v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998) (setting forth *prima facie* test pre-*Burlington Northern*). To engage in protected activity, the plaintiff usually must not only show that "[s]he *subjectively* (that is, in good faith) believed that [her] employer was engaged in unlawful employment practices, but also that [her] belief was *objectively reasonable* in light of the facts and record presented." *Little*, 103 F.3d at 960 (emphasis in original).

Once the plaintiff establishes a *prima facie* case of retaliation, the employer should come forward with "a legitimate, non-retaliatory reason" for its materially adverse action. *Olmstead*, 141 F.3d at 1460. However, the "plaintiff bears the ultimate burden of proving by a preponderance of the evidence that the reason provided by the employer is a pretext for prohibited, retaliatory conduct." *Id.* To

5

satisfy that burden, "the plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Combs v. Plantation Patterns, Meadowcraft, Inc.*, 106 F.3d 1519, 1528 (11th Cir. 1997).

Where an employer fires an employee "under the mistaken but honest impression that the employee violated a work rule," the employer generally is not liable for discriminatory conduct. *Damon v. Fleming Supermarkets, Inc.*, 196 F.3d 1354, 1363 n.3 (11th Cir. 1999). However, the plaintiff can show that the employer's justification is pretextual by submitting evidence (1) that she did not violate the cited work rule, or (2) that if she did violate the rule, other employees outside the protected class, who engaged in similar acts, were not similarly treated. *Alphin v. Sears, Robuck & Co.*, 940 F.2d 1497, 1501 n.1 (11th Cir. 1991) (citation omitted).

Even if we assume that Gant met her burden of establishing that she engaged in protected activity and otherwise made out a *prima facie* case, she did not establish pretext. Gant did not provide any evidence that her district manager, Dave Gamble, did not honestly believe that she had violated the confidentiality policy when he terminated her. Moreover, even if the director of Human

6

Resources, Debra Petitti, may have incorrectly represented to Gamble that the company had fired people in the past for the same transgression, that would not undermine the conclusion that Gamble honestly believed that Gant violated the confidentiality policy and could be terminated for that violation. Therefore, even if Gamble was incorrect in his belief that she was told or otherwise knew about the policy, that was not sufficient to establish pretext. *See Damon*, 196 F.3d at 1363 n.3.

Moreover, we conclude from the record that Gant did not directly rebut the basis for firing her, i.e., her violation of the confidentiality policy, because she admitted telling two other managers about her allegations regarding Price. Finally, she did not provide any evidence of other employees who violated the confidentiality policy and were not fired for it. Indeed, the evidence established that no other employees have violated the policy at issue. Therefore, any factual inconsistencies regarding Gant's knowledge of the confidentiality policy were not material, and the district court did not err in granting summary judgment in favor of Sweetbay on Grant's retaliation claims. Accordingly, we affirm the district court's grant of summary judgment.

**AFFIRMED.**