[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10407
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-20002-PAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WINFRED ADDISON LEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 9, 2013)

Before WILSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Winfred Addison Lee appeals his convictions for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1); possession with intent to distribute cocaine base, marijuana, and cocaine, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm or ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). On appeal, Lee argues that the district court made a clearly erroneous conclusion of fact in determining whether to hold a *Franks*[1] hearing, leading it to improperly deny the hearing and admit evidence discovered at his apartment pursuant to a warrant granted by the state to search Lee's apartment.  Lee asserts that an officer falsely stated in the warrant affidavit that the officer received a tip from an "anonymous" source, when the officer knew that the correct term to use was "tipster."   Lee alleges that the district court erred by not recognizing this and granting a *Franks* hearing.

A district court must grant a *Franks* hearing (1) when "the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and [(2)] if the allegedly false statement is necessary to the finding of probable cause." *Franks*, 438 U.S. at 155–56, 98 S. Ct. at 2676.  If the

---

[1] *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674 (1978).

2

court decides to hold a hearing, and the defendant establishes by a preponderance of the evidence that there was a perjured statement in the affidavit, it must void the warrant and exclude the fruits of the search if the remaining materials do not establish probable cause on their own. *Id.* at 156, 98 S. Ct. at 2676. We review any factual findings the court made in deciding whether to hold a *Franks* hearing for clear error. *See United States v. Morales*, 889 F.2d 1058, 1059 (11th Cir. 1989) (per curiam) (holding, in the context of suppression hearings, that "[a]bsent clear error, we are bound by the district court's findings of fact").

We have declined to rule on the standard of review for the denial of a *Franks* hearing. *United States v. Lebowitz*, 676 F.3d 1000, 1010 n.1 (11th Cir. 2012) (per curiam), *cert. denied*, __ U.S. __, 133 S. Ct. 1492 (2013). However, so long as the district court's refusal to grant the hearing survives de novo review, there is no cause to determine whether a less-exacting standard should apply. *Id.* at 1010 n.1.

We also apply the de novo standard of review when assessing "whether the facts set forth in an affidavit constitute a sufficient basis for a finding of probable cause." *United States v. Lopez*, 649 F.3d 1222, 1245 (11th Cir. 2011). "Probable cause exists when under the totality-of-the-circumstances there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Tobin*, 923 F.2d 1506, 1510 (11th Cir. 1991) (en banc) (internal quotation marks and alteration omitted).

3

Lastly, we have clear precedent that an issue is abandoned when the appellant fails to offer argument on it. *United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998). In that vein, if an appellant challenging the denial of a *Franks* hearing does not allege that the false statement in the affidavit was necessary to a finding of probable cause, he abandons the issue. *United States v. Capers*, 708 F.3d 1286, 1296 (11th Cir.), *cert. denied*, 2013 WL 2448932 (2013). Without a probable cause analysis in his brief, the appellant cannot obtain relief through suppression or a *Franks* hearing. *See id.*

Upon review of the record and consideration of the parties' briefs, we affirm.

Lee abandoned his argument because he did not mention probable cause anywhere in his brief. *See Capers*, 708 F.3d at 1296. He offered argument only on the first prong of the *Franks* threshold test. *See§ Franks*, 438 U.S. at 155–56, 98 S. Ct. at 2676. Without argument on the second prong, we cannot grant relief. *Capers*, 708 F.3d at 1296. Accordingly, Lee's remaining argument that the district court clearly erred by finding that the officer did not lie in the affidavit need not be addressed. Correction of the factual error could have no impact on the outcome of the case, as Lee abandoned any potential right to relief through reconsideration of whether a *Franks* hearing and suppression were warranted. *Id.* Therefore, we affirm the convictions.

4

**AFFIRMED.**