[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16031
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cr-00064-SCB-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE ARTHUR FARMER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 23, 2014)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

George Arthur Farmer appeals his conviction for possession with intent to distribute 5 grams or more of methamphetamine actual and 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii).  He raises two issues on appeal, which we address in turn.   After review, we affirm Farmer's conviction.

## I.  MOTION TO SUPPRESS

Farmer first contends the district court erred in denying his motion to suppress because the warrantless search of the motorcycle he was driving, after he was placed in a nearby patrol car, was not justifiable as a search incident to arrest or as an inventory search.  Farmer does not address in his initial brief, however, the district court's determination that he lacked standing to challenge the constitutionality of the search because he was driving a stolen motorcycle and had no driver's license.

When a defendant fails to offer argument on an issue, that issue is abandoned.  *United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998).  Furthermore, issues not raised in a party's initial brief, but later raised in a reply brief, are also abandoned.  *United States v. Magluta*, 418 F.3d 1166, 1185-86 (11th Cir. 2005).

Because Farmer did not raise any challenge to the district court's threshold determination that he lacked standing to challenge the search of the motorcycle

2

until his reply brief, he has abandoned the issue on appeal.  Accordingly, we do not reach his arguments about the constitutionality of the search.

## II.  PRIOR CONVICTIONS

Second, Farmer asserts the district court erred when it admitted evidence of his two prior Florida convictions for felony possession of methamphetamine, pursuant to Rule 404(b) of the Federal Rules of Evidence, to prove knowledge and intent.  He contends that admitting the Rule 404(b) evidence unfairly tipped the scales in favor of a guilty verdict.

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  However, the evidence may be admissible for other purposes, including intent, knowledge, absence of mistake, or lack of accident.  Fed. R. Evid. 404(b)(2).  To be admissible, Rule 404(b) evidence (1) must be relevant to an issue other than the defendant's character, (2) must be proven sufficiently to allow a jury to find that the defendant committed the extrinsic act, and (3) must possess probative value that is not substantially outweighed by undue prejudice under Rule 403.  *United States v. Sanders*, 668 F.3d 1298, 1314 (11th Cir. 2012) (quotations omitted).

Rule 403 of the Federal Rules of Evidence provides that a "court may exclude relevant evidence if its probative value is substantially outweighed by a

3

danger of . . . unfair prejudice." Fed. R. Evid. 403. In reviewing the third prong of Rule 404(b) admissibility under Rule 403, "we look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." *United States v. Edouard*, 485 F.3d 1324, 1344 n.8 (11th Cir. 2007) (quotation omitted).

The district court did not abuse its discretion[1] in admitting evidence of Farmer's two prior methamphetamine convictions. Farmer placed his intent and knowledge in issue by pleading not guilty to the offense charged under 21 U.S.C. §841(a), which required the Government to prove that he knowingly or intentionally possessed methamphetamine. *See United States v. Delgado*, 56 F.3d 1357, 1365 (11th Cir. 1995) (holding when a defendant pleads not guilty and presents a "mere presence" defense, intent becomes a material issue that the government may prove with qualifying Rule 404(b) evidence). Farmer's prior state-court convictions under § 893.13, Florida Statutes, for possession of methamphetamine had a similar "knowledge" element to the federal offense charge under § 841(a). *See* 21 U.S.C. § 841(a)(1); *State v. Adkins*, 96 So. 3d 412, 415-16 (Fla. 2012) (determining that § 893.13, Fla. Stat., includes, as an element of offenses related to the sale, manufacture, delivery, and possession of controlled substances, "the element of knowledge of the presence of the substance"). Thus,

---

[1] We review a district court's evidentiary rulings for an abuse of discretion. *United States v. Perez-Oliveros*, 479 F.3d 779, 783 (11th Cir. 2007).

4

the prior convictions were relevant to Farmer's criminal intent in the § 841(a) charge. *See Delgado*, 56 F.3d at 1365-66 (explaining where the state of mind required for an extrinsic offense is the same as the charged offense, the extrinsic offense is relevant to the defendant's intent in the charged offense). The prior convictions for possession of methamphetamine established a logical connection to Farmer's knowledge that methamphetamine was present in the motorcycle in this case. *See United States v. Jernigan*, 341 F.3d 1273, 1281-82 (11th Cir. 2003) (holding a prior conviction for possessing contraband establishes a logical connection that the defendant knowingly did so on a subsequent occasion).

Farmer's argument that admitting evidence of his prior convictions was unfairly prejudicial relies on his assertion that Deputy Craig Lariz's trial testimony was contradicted by photographic evidence in the case and the Government presented little other evidence of intent at trial, and thus admitting evidence of prior convictions unfairly tipped the scales in favor of a conviction. Even accepting Farmer's argument that Lariz's testimony was contradicted by photographic evidence, this is the type of case where Rule 404(b) evidence would have been necessary to prove intent and obtain a conviction. *See United States v. Calderon*, 127 F.3d 1314, 1332 (11th Cir. 1997) (stating where proof of extrinsic acts is necessary to prove intent and to obtain a conviction, such evidence may be admitted). Moreover, in addition to Lariz's testimony regarding the scuffle, there

5

was other evidence of intent and knowledge introduced at trial, such as the large amount of cash present on Farmer's person when he was stopped and the presence of his red flip phone in the same compartment as the methamphetamine.  The district court took steps to minimize the prejudicial impact of the introduction of the convictions for methamphetamine possession by giving the jury a limiting instruction, the substance of which Farmer does not contest.  *See United States v. Brown*, 665 F.3d 1239, 1247 (11th Cir. 2011) (giving a limiting jury instruction on the proper use of Rule 404(b) evidence can minimize the evidence's prejudicial impact).  Because the prior convictions were relevant and their probative value was not substantially outweighed by the danger of unfair prejudice, the court did not abuse its discretion in determining that evidence of the prior convictions was admissible.  Accordingly, we affirm Farmer's conviction.

**AFFIRMED.**