[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-10231

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

STEPHEN MAYER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:14-cr-00190-SCB-AEP-1

_____

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Stephen Mayer, *pro se*, appeals the denial of his motion and supplemental motions for civil contempt, filed pursuant to 18 U.S.C. § 401(3). His core contention on appeal is the Government violated his criminal judgment by rehousing him in privately run facilities that he alleges failed to adhere to the Bureau of Prisons' (BOP) policies and customs because, he argues, these failures amount to a resentencing in violation of his constitutional rights. He also contends the Government is in contempt for sharing his Presentence Investigation Report (PSI) with these private facilities.[1] After review,[2] we affirm the district court.

---

[1] Though Mayer is now housed in a facility run by the BOP, his appeal is not moot because he has been removed from this same facility previously and rehoused in multiple private facilities specifically for criminal aliens. *See Fed. Election Comm'n v. Wisconsin Right to Life, Inc.*, 551 U.S. 449, 462 (2007) (explaining an exception to mootness "applies where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again" (quotation marks omitted)).

[2] We review the denial of a motion for civil contempt for an abuse of discretion. *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015) (quotation marks omitted).

Section 401(3) of Title 18 of the U.S. Code provides "[a] court of the United States shall have power to punish by fine or imprisonment . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3). As a criminal offense, contempt of court has the following three elements: "(1) a lawful and reasonably specific order that (2) the defendant has violated (3) willfully." *Romero v. Drummond Co.*, 480 F.3d 1234, 1242 (11th Cir. 2007). "Criminal contempt is a crime in the ordinary sense" that requires, among other things, proof beyond a reasonable doubt, and "is punitive, to vindicate the authority of the court." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 826-28 (1994) (quotation marks omitted).

However, "[c]ivil contempt . . . is remedial and aims to force compliance with an order of the court." *United States v. Straub*, 508 F.3d 1003, 1009 (11th Cir. 2007). In order to establish a party acted in civil contempt, the party seeking the contempt ruling must show by clear and convincing evidence: (1) the allegedly violated order was valid and lawful, (2) the order was clear and unambiguous, and (3) the alleged violator could comply with the order. *Ga. Power Co. v. Nat'l Labor Relations Bd.*, 484 F.3d 1288, 1291 (11th Cir. 2007). The order in question is subject to "reasonable interpretation," but the order may not be expanded beyond the meaning of its terms without notice and an opportunity to be heard. *Id.* (quotation marks omitted). Any ambiguities or uncertainties in the court order are construed in a light favorable to the party charged with contempt. *Id.* However, the inquiry is whether the party in

fact complied with the order in question, not whether the party subjectively believed that it was in compliance with, or intended to comply with, the order. *Id.*

The district court did not abuse its discretion in denying Mayer's motions.[3] Section 3621 of Title 18 of the U.S. Code provides that a person sentenced to a term of imprisonment "shall be committed to the custody of the [BOP]." 18 U.S.C. § 3621(a). The BOP has custody of a prisoner during his term of imprisonment, and it also has the discretion to designate any "correctional facility that meets minimum standards of health and habitability established by the [BOP], whether maintained by the Federal Government or otherwise." *Id.* § 3621(a)-(b). Mayer's criminal judgment stated, in relevant part, only that he be committed to BOP custody, and housing him at private facilities did not remove him from BOP custody. Notably, Mayer's criminal judgment did not specify he must be housed within 500 miles of his release address, in a BOP-run facility that houses citizens and criminal aliens alike, or otherwise specify the conditions of his confinement. Mayer's allegations of constitutional violations at his private facilities do not establish the Government violated any portion of his criminal judgment.

---

[3] While Mayer labels his motions as invoking 18 U.S.C. § 401(3), a criminal offense statute, Mayer's requested relief is remedial in nature, and he expressly seeks to initiate civil contempt proceedings. Regardless, we conclude Mayer's motions fail under either the civil or criminal standards for contempt.

Also, for this reason, his claims regarding his PSI are meritless, as he does not identify a court order prohibiting its disclosure with a BOP-contracted facility.  Further, to the extent Mayer's request for contempt is premised on the conditions of his confinement, he has failed to adequately address the court's alternative ground his constitutional challenges needed to be brought in a separate civil rights action.  Accordingly, for these reasons, we affirm.[4]

**AFFIRMED**

---

[4] Mayer abandoned any challenge to the district court's denial of his reconsideration motion by failing to brief this issue. *See United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998) (stating when a defendant offers no argument on an issue on appeal, we consider the argument abandoned).