[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12010
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 19, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00459-CR-T-33-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO RENGIFO VALENTIERRA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 19, 2010)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Alejandro Rengifo Valentierra appeals his concurrent 135-month sentences

for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a),(b) and 21 U.S.C. § 960(b)(1)(B)(ii), and for aiding and abetting the possession with intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), 18 U.S.C. § 2 and 21 U.S.C. § 960(b)(1)(B)(ii).  First, Rengifo[1] argues that the district court erred in overruling his request pursuant to U.S.S.G. § 3B1.2(b) for a downward adjustment based on his minor role in the offense.  Second, Rengifo argues that his sentence was procedurally unreasonable because the district court incorrectly calculated the Guidelines offense level due to its denial of a minor role reduction and because the court failed to consider the § 3553(a) factors.  Rengifo requests a sentence below the advisory Guidelines range.  After careful review, we discern no error.

## I.Minor role reduction

A district court's determination of whether a defendant qualifies for a minor role adjustment under the Guidelines is a finding of fact that we review only for clear error.  United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir.

---

[1] Because both parties refer to appellant as "Rengifo" throughout their briefs, this opinion refers to him by that surname.

1999) (en banc). "So long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law, . . . it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous." Id. at 945 (emphasis omitted). The proponent of the downward adjustment bears the burden at all times of establishing his minor role in the offense by a preponderance of the evidence. Id. at 939. The district court has "considerable discretion in making this fact-intensive determination." Id. at 946. It is not necessary for the court to make specific findings of fact, so long as its "decision is supported by the record and the court clearly resolves any disputed factual issues." Id. at 939 (emphasis omitted).

Pursuant to U.S.S.G. § 3B1.2, a defendant may receive an adjustment for his mitigating role in the offense if he "plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2, comment. (n.3(A)). A two-level, minor role reduction under § 3B1.2(b) applies to a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5).

Under De Varon, the district court conducts a two-part analysis of a defendant's conduct to determine whether the defendant warrants a minor role reduction. 175 F.3d at 940-45. First, the court "must measure the defendant's role

3

against the relevant conduct for which [he] was held accountable at sentencing." Id. at 945. "[W]here the relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." Id. at 941. "[W]hen a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." Id. at 942-43. The first prong of De Varon is often dispositive of the issue. See id. at 945.

In considering the second prong, the district court may compare "the defendant's role against the other participants, to the extent that they are discernable, in that relevant conduct." Id. at 945. To apply the adjustment under this prong, the district court must find that "the defendant was less culpable than most other participants in [his] relevant conduct." Id. at 944 (emphasis omitted). Even if a defendant's role is "less than that of other participants engaged in the relevant conduct," he might not be entitled to an adjustment because, in some cases, there are no minor or minimal participants. Id.

In this case, Rengifo has failed to satisfy either prong of the De Varon analysis. In relation to the first prong, because he was only held accountable for

4

the 1770 kilograms of cocaine found aboard the boat, the relevant conduct considered in his sentencing was identical to his actual conduct. In relation to the second prong, Rengifo has never contended nor established that his conduct was any less culpable that the other participants in his relevant conduct - the other men in the boat. Therefore, Rengifo has not demonstrated that the district court clearly erred in its decision to deny him a minor role reduction.

## II. Procedural unreasonableness

We review a final sentence for reasonableness according to the factors found in 18 U.S.C. § 3553(a). United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008). Review for reasonableness is deferential and is analyzed under the abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51-52, 128 S.Ct. 586, 597-98 (2007).

When reviewing a sentence, we must first determine that the "district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence - including an explanation for any deviation from the Guidelines range." Id., 552 U.S. at 51, 128 S. Ct. at 597. The district court need not state on the record that it explicitly

5

considered each factor and need not discuss each factor.  United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).  Rather, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker."  Id.

Normally, if we conclude that the district court made no procedural errors, we will "then consider the substantive reasonableness of the sentence imposed." Gall, 552 U.S. at 51, 128 S. Ct. at 597.  In this case, however, because Rengifo presents only a claim of procedural unreasonableness, substantive reasonableness need not be considered.  See United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998) (deeming an issue abandoned when the defendant failed to offer argument as to the issue on appeal).

Rengifo has not demonstrated that his sentence was procedurally unreasonable.  Because the district court did not clearly err in declining to grant Rengifo a minor role reduction, Rengifo's Guidelines range was properly calculated.  Furthermore, the record indicates that the district court properly considered the section 3553(a) factors.  The court heard and acknowledged Rengifo's arguments offered in mitigation.  The court acknowledged that the Guidelines are advisory.  The court then imposed a sentence that, based on consideration of the section 3553(a) factors, was "sufficient but not greater than

6

necessary to comply with the statutory purposes of sentencing."

Upon consideration of the foregoing and our review of the record and the parties' briefs, we conclude that the district court committed no error in sentencing Rengifo and affirm.

**AFFIRMED.**[2]

---

[2] Appellant's request for oral argument is denied.