[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 20, 2010
JOHN LEY
CLERK

_____

No. 09-13998
Non-Argument Calendar

_____

D. C. Docket No. 09-02027-CV-WSD-1

WILLIAM M. WINDSOR,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
JUDGE ORINDA D. EVANS,
HAWKINS & PARNELL, LLP,
CARL HUGO ANDERSON,
PHILLIPS LYTLE, LLP,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 20, 2010)

Before BLACK, MARTIN and FAY, Circuit Judges.

PER CURIAM:

William M. Windsor, proceeding *pro se*, appeals the district court's order denying his motion for a temporary restraining order ("TRO") and injunction in this diversity action, 28 U.S.C. § 1332. Windsor argues that the district court abused its discretion in denying his motion for injunctive relief because he had presented sufficient evidence that the defendants, in an earlier proceeding, had committed numerous discovery abuses. He also contends that the district court failed to hold a preliminary injunction hearing, failed to adequately explain its decision, and was biased against him. The government, responding on behalf of Judge Orinda Evans, argues that Windsor waived, on appeal, any argument regarding the district court's denial of a preliminary injunction against Judge Evans. For the reasons set forth below, we affirm.

## I.

Windsor filed a 499-page *pro se* complaint against numerous individuals, including: Judge Orinda D. Evans; Hawkins & Parnell, LLP; Carl Hugo Anderson; Phillips Lytle, LLP; Marc W. Brown; Arthur Russ; Christopher M. Glynn; Timothy P. Ruddy; Robert J. Schul; Sandra Carlson; Maid of the Mist Corp.; and Maid of the Mist Steamboat Co. In his complaint, Windsor sought "relief from judgment to remedy fraud on the court . . . as well as an action for declaratory

2

relief." Windsor was a named defendant in a prior lawsuit, *Maid of the Mist Corp. et al. v. Alcatraz Media, LLC et al.*, no. 1:06-cv-00714 (N.D. Ga. 2006) ("*Maid I*"), in which the district court granted summary judgment in favor of the plaintiffs – Maid of the Mist Corp. and Maid of the Mist Steamboat Co. (collectively, "Maid"). The district court also issued a permanent injunction against Windsor and ordered him to pay the plaintiffs' attorneys fees and expenses. We affirmed the district court's grant of summary judgment and the permanent injunction, but remanded the case so that the district court could further explain how it calculated the amount of attorneys' fees and expenses. The district court subsequently entered a Consent Final Order, and Windsor and his codefendants paid the plaintiffs a negotiated sum for attorneys' fees and expenses. The plaintiffs in *Maid I* were represented by Anderson, Brown, Russ, Hawkins & Parnell, and Phillips Lytle. Glynn, Ruddy, Schul, and Carlson were officers or employees of Maid. Judge Evans presided over the case.

In the instant complaint, Windsor asserted that, in *Maid I*, Maid and Maid's attorneys: filed pleadings containing false statements, committed perjury, violated the Federal Rules of Civil Procedure, committed discovery abuses, violated the Georgia Code of Professional Conduct, and "bragged" to the media about the outcome of *Maid I*. He contended that Judge Evans: denied him due process; was

3

biased against him; denied him access to important records, evidence, and witnesses; violated his Fifth Amendment rights; committed perjury; violated the Judicial Code of Conduct; obstructed justice; and acted without jurisdiction. He asserted that Glynn, Ruddy, and Schul committed perjury and conspired to commit perjury. Windsor's complaint set forth 21 separate "counts," most of which were based on federal or state criminal statutes.

The day after filing his complaint, Windsor filed a motion for a TRO and injunction to prevent: (1) the defendants from destroying evidence; (2) the defendants from discussing *Maid I*; (3) Judge Evans from ruling on any issues related to *Maid I*; and (4) Maid's counsel from filing false and abusive pleadings. Windsor also filed several other motions, including a motion asking the district court judge to recuse himself.

On July 30, 2009, the district court held a hearing on Windsor's motion for injunctive relief. Windsor asserted that, in *Maid I*, Maid's attorneys had failed to produce documents that Windsor knew existed. He also suspected that Maid's attorneys currently were shredding documents. The only evidence Windsor had to support these claims was "what [the attorneys] did in the prior case." Windsor conceded that he did not believe that the defendants would commit perjury "in the short term." The court noted that *Maid I* was litigated two-and-a-half years ago

4

and that, based upon Windsor's pleadings and what he had stated at the hearing, there was "no evidence that there is anything that is going to happen that requires [the court] to enjoin anybody from doing anything." The court also noted that the separate counts listed in Windsor's complaint were based upon criminal statutes and could not serve as the basis of civil claims. Windsor informed the court that he had a number of motions and complaints pending before Judge Evans and he did not believe that Judge Evans had jurisdiction to rule on these motions. The court pointed out that a lack of jurisdiction did not warrant the issuance of an injunction, as Windsor could contest jurisdiction before Judge Evans and then file an appeal. Finally, Windsor argued that Maid and Maid's attorneys had told the media that they prevailed in *Maid I*, which was true, but "unfair." The court explained that it could not enjoin Maid and Maid's attorney from providing truthful information to the media, because it would violate their First Amendment rights.

The district court denied Windsor's motion for injunctive relief, finding that "there [wa]s no chance that [Windsor] [wa]s likely to succeed on the merits." The court noted that it had issued a written order denying Windsor's other written motions, including his motion to recuse.

The district court subsequently entered a written order supplementing its oral order denying Windsor's motion for a TRO or injunction. It explained that

5

Windsor: (1) had failed to show that he was likely to succeed on the merits of his claims, which were based on criminal statutes; (2) failed to show that he would suffer irreparable injury or that any threatened injury outweighed damage the defendants would suffer if an injunction was granted; and (3) failed to show that an injunction would not be adverse to the public interest.

Windsor appealed the district court's orders denying his motion for injunctive relief and several other motions. We dismissed Windsor's appeal, with the exception of his claims involving "the district court's July 30, 2009, oral order denying [his] motion for a preliminary injunction."

## II.

### A.     *Abandonment of Claims Against Judge Evans*

Although we liberally construe briefs filed by *pro se* litigants, issues not raised on appeal by a *pro se* litigant are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir.), *cert. denied*, 129 S.Ct. 74 (2008).

In his 54-page initial brief, Windsor makes passing references to Judge Evans, focusing primarily upon the actions of Maid and Maid's attorneys. Generally, such references would be insufficient to preserve an issue on appeal. *See United States v. Cunningham*, 161 F.3d 1343, 1344 (providing that a defendant abandons an issue for which no argument is offered on appeal). However, because

Windsor is proceeding *pro se*, we consider the merits of Windsor's claims with respect to his motion for an injunction against Judge Evans. *See Timson*, 518 F.3d at 874.

### B. Merits of Windsor's Claims

We review a district court's denial of a preliminary injunction for an abuse of discretion. *United States v. Endotec, Inc.*, 563 F.3d 1187, 1194 (11th Cir. 2009). A district court may grant injunctive relief only if the moving party shows that: (1) he is substantially likely to succeed on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) "the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party"; and (4) the injunction would not be adverse to the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). Even if the movant establishes a substantial likelihood of success on the merits, his failure to establish irreparable injury "would, standing alone, make preliminary injunctive relief improper." *Id.* "[T]he asserted irreparable injury must be neither remote nor speculative, but actual and imminent." *Id.* (quotation omitted). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."

*Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990).

### i. *Claims Against Judge Evans*

The district court did not abuse its discretion in denying Windsor's motion with respect to Judge Evans, because Windsor failed to show that he would suffer irreparable injury unless the district court issued an injunction against Judge Evans. *See Siegel*, 234 F.3d at 1176. At the preliminary injunction hearing, Windsor stated that he would be harmed if Judge Evans ruled on a complaint over which she had no jurisdiction. This harm is not irreparable, because Windsor may contest jurisdiction before Judge Evans and, if Judge Evans rules against him, Windsor may then appeal the ruling. *See Northeastern Fla. Chapter*, 896 F.2d at 1285. Accordingly, because Windsor has not demonstrated that he will suffer irreparable injury, he has failed to show that he was entitled to injunctive relief. *See Siegel*, 234 F.3d at 1176.

### ii. *Claims Against the Remaining Defendants*

Windsor also fails to show that the district court abused its discretion in denying his motion for injunctions against Maid, Maid's employees, and Maid's attorneys. At the preliminary injunction hearing, Windsor stated that he would be harmed by: (1) Maid's attorneys' destruction of documents; (2) the defendants'

commission of perjury; and (3) the defendants' statements to the media. However, although Windsor alleged that Maid's attorneys had destroyed documents during the litigation of *Maid I*, the court noted that *Maid I* was litigated two-and-a-half years ago. Windsor acknowledged that the only evidence he had to support his claim was "what [the attorneys] did in [*Maid I*]." Thus, Windsor failed to show that harm was "actual and imminent." *See Siegel*, 234 F.3d at 1176. Similarly, Windsor failed to show that he would suffer "actual and imminent" harm caused by the defendants' commission of perjury, because he admitted that he did not believe the defendants would commit perjury "in the short term."

With respect to Windsor's claim regarding the defendants' comments to the media, although Windsor may suffer harm as a result of these comments, he is unable to show that he is substantially likely to succeed on the merits of a defamation claim. In Georgia, truth is an absolute defense in a defamation action. *See Hickson Corp. v. Northern Crossarm Co., Inc.*, 357 F.3d 1256, 1262 (11th Cir. 2004), citing O.C.G.A. 51-5-6. Windsor admitted during the preliminary injunction hearing that the defendants' comments to the media were true. Accordingly, the district court did not abuse its discretion in denying Windsor's motion for injunctive relief as to the remaining defendants. *See Siegel*, 234 F.3d at 1176.

9

### iii. *Failure to Hold a Preliminary Injunction Hearing/Inadequate Explanation of Decision*

Windsor argues that the district court failed to hold a preliminary injunction hearing and offered an inadequate explanation for denying his motion for injunctive relief. Windsor's argument overlooks the fact that the four criteria for obtaining a preliminary injunction are identical to those for issuance of a temporary restraining order, and the district court expressly addressed these criteria in the hearing on Windsor's motion for a temporary restraining order. During that hearing, the district judge stated as follows: ". . . there is no basis upon which that you have met the four criteria for the entry of injunctive relief or a TRO, and specifically there is no chance that you are likely to succeed on the merits, and the motion for TRO is denied." The court indicated that Windsor could not succeed on the merits of his claim because his claims for relief were based on criminal statutes. It noted that Windsor's assertion that Judge Evans lacked jurisdiction to consider his complaint did not provide an adequate reason for issuing an injunction because Windsor could contest jurisdiction in the case before Judge Evans and appeal the decision. The court also explained that it could not enjoin Maid and Maid's attorneys from providing truthful information to the media, because such a prohibition would violate the First Amendment. The court then supplemented its

10

oral order with a written order in which it further detailed its reasons for denying relief.

The record amply demonstrates the district court's reasons for denying injunctive relief, whether in the form of a TRO or a preliminary injunction. In any event, none of the flaws in Windsor's request for injunctive relief could have been remedied through an additional hearing before the district court. We find no error in the trial court's ruling.

### iv.    District Court Bias

Finally, Windsor argues that the district court's denial of his motion for injunctive relief was motivated by the court's personal bias against him. Section 144 of Title 28 provides that, upon the timely filing of a motion and affidavit, a judge that has a personal bias against the movant must recuse himself. 28 U.S.C. § 144. Although Windsor filed a motion for recusal, we dismissed Windsor's appeal of the district court's denial of that motion. Thus, the issue of judicial bias is not properly before us. Accordingly, for the reasons discussed above, we affirm the district court's denial of Windsor's motion for injunctive relief.

**AFFIRMED.**