[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10133
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 23, 2010
JOHN LEY
CLERK

D.C. Docket No. 2:09-cr-00032-WCO-SSC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE PARAMO-MORALES,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 23, 2010)

Before BLACK, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Paramo-Morales appeals his 41-month sentence imposed following his

guilty plea to a single count of illegally reentering the United States after being

removed from the country following a conviction for committing an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). On appeal, Paramo-Morales argues that the sentence was substantively unreasonable under 18 U.S.C. § 3553(a) because his criminal history category over-represented the seriousness of his criminal record and other factors mitigated in his favor.

We review the sentence imposed, whether inside or outside of the advisory Guidelines range, for reasonableness, using an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). Unreasonableness may be procedural or substantive. *United States v. Hunt*, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). In this appeal, Paramo-Morales challenges only the substantive reasonableness of his sentence. Thus, any procedural challenge to his sentence has been abandoned. *See United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998) (issue not pursued on appeal deemed abandoned).

Substantively, the sentence must be sufficient, but not greater than necessary, to reflect the purposes set forth in § 3553(a). 18 U.S.C. § 3553(a). The factors in 18 U.S.C. § 3553(a) are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with

2

needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (citing 18 U.S.C. § 3553(a)). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court," and this Court "will not substitute [its] judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (internal quotation marks omitted). We will remand for resentencing only "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (internal quotation marks omitted).

At the sentencing hearing, the district court heard and acknowledged Paramo-Morales' argument that his criminal history score overstated his prior criminal history because most of his prior offenses were for DUI or otherwise alcohol related, and other arguments he offered in mitigation. The district court then concluded that although Paramo-Morales' criminal record did not contain the most serious types of offenses, his lengthy criminal history demonstrated that he

had no respect for and refused to abide by the law. In this case, we are not left with the definite and firm conviction that the district court committed a clear error of judgment when it concluded that, even in light of his other arguments offered in mitigation, Paramo-Morales' lack of respect for the law dictated a sentence at the high end of the advisory guidelines range. This sentence is not outside the range of reasonable sentences dictated by the facts of the case. Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**