[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13941
Non-Argument Calendar
_____

Agency No. A094-813-625

JING LIN,

                                                                Petitioner,

versus

US ATTORNEY GENERAL,

                                                                Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 21, 2013)

Before TJOFLAT, PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

Jing Lin, a native and citizen of the People's Republic of China, seeks review of the order of the Board of Immigration Appeals affirming the Immigration Judge's denial of asylum pursuant to § 208(a) of the Immigration and Nationality Act, 8 U.S.C. § 1158(a); withholding of removal under § 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3); and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c). On appeal, Mr. Lin argues that the adverse credibility determination made by the Immigration Judge and affirmed by the Board was not based on substantial evidence, but rather, was based only on speculation and conjecture. Mr. Lin further argues that the Board's alternative conclusion—that, even if he had been credible, he was ineligible for asylum or withholding of removal because he did not meet his burden of demonstrating past persecution or a well-founded fear of future persecution—also was not supported by substantial evidence.

Upon careful review of the record and consideration of the parties' briefs, we deny the petition based on the adverse credibility determination.

I

In his brief, Mr. Lin does not challenge the denial of relief under CAT. Such a failure is tantamount to abandonment of the issue, and we therefore do not

2

address it.  *See United States v. Cunningham,* 161 F.3d 1343, 1344 (11th Cir. 1998).

## II

We review the BIA's decision as the decision of the agency "except to the extent it expressly adopts the IJ's opinion." *Al Najjar v. U.S. Att'y Gen.*, 257 F.3d 1262, 1284 (11th Cir. 2001).  "Insofar as the Board adopts the IJ's reasoning, we will review the IJ's decision as well." *Id.*

We review the BIA's credibility findings under the "highly deferential" substantial evidence test, which requires us to affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Forgue v. United States Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005) (internal quotation marks omitted).  "A credibility determination, like any fact finding, may not be overruled unless the record compels it." *Id.* at 1287 (internal quotation marks omitted).

### A

Asylum is available to an applicant who qualifies as a "refugee."  *See* 8 U.S.C. § 1158(b)(1)(A).   Refugee status may be established by evidence of past persecution or a well-founded fear of future persecution in the applicant's country of origin.  *See* 8 C.F.R. § 208.13(b); *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d

3

1341, 1351 (11th Cir. 2009). To establish past persecution, the applicant must show that he was persecuted in the past on account of his race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 C.F.R. § 208.13(b)(1); *Kazemzadeh*, 577 F.3d at 1351. In the absence of past persecution, an applicant may establish a well-founded fear of persecution by showing that there is a reasonable possibility that he will be persecuted if he is returned to his country of origin. *See* 8 C.F.R. 208.13(b)(2); *Kazemzadeh*, 577 F.3d at 1352. The applicant must show that his fear of persecution is "subjectively genuine and objectively reasonable." *Al Najjar*, 257 F.3d at 1289.

> By statute, Congress has provided that

> a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.

8 U.S.C. § 1101(a)(42)(B). The fact that an asylum applicant's spouse underwent a forced abortion or sterilization, however, does not automatically confer refugee status upon the applicant. *See Yu v. U.S. Att'y Gen.*, 568 F.3d 1328, 1332-33 (11th Cir. 2009). Thus, an applicant seeking to establish eligibility for asylum under 8 U.S.C. § 1101(a)(42)(B) must show that: (1) he or she personally underwent a

4

forced abortion or involuntary sterilization; or (2) he or she was persecuted, or has a well-founded fear of future persecution, on account of other resistance to a population control program. *See id.* at 1333.

To qualify for withholding of removal, an applicant must establish that his life or freedom would be threatened in his country of origin on account of a statutorily protected ground. *See* 8 U.S.C. § 1231(b)(3)(A). The applicant must demonstrate that he would more likely than not be persecuted upon being returned to his country of origin. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005). An applicant who is unable to satisfy the standard for asylum generally will be unable to meet the more stringent standard for withholding of removal. *See id.* at 1232-33.

## B

Prior to determining whether a basis for granting asylum or withholding of removal exists, an Immigration Judge must assess whether the applicant is credible. *See Niftaliev v. U.S. Atty. Gen.*, 504 F.3d 1211, 1215 (11th Cir. 2007). Pursuant to the REAL ID Act of 2005, Pub. L. No. 109-13 § 101, 119 Stat. 302 (2005), for applications filed after May 11, 2005, a credibility determination may be based on the totality of the circumstances, including: (1) the demeanor, candor, and responsiveness of the applicant; (2) the plausibility of the applicant's account; (3) the consistency between the applicant's written and oral statements; (4) the

internal consistency of each statement; and (5) the consistency of the applicant's statements with other record evidence, including country reports.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii).  Moreover, an adverse-credibility determination may be based on inconsistencies, inaccuracies, or falsehoods, regardless of whether they relate to the heart of an applicant's claim. *Id*.

An applicant's failure to mention relevant facts before his asylum hearing, such as his omission of those facts from his asylum application, may support an adverse-credibility finding.  *See Forgue*, 401 F.3d at 1287-88.  We have held that even one inconsistency and one omission may justify an adverse-credibility determination.  *See Xia v. U.S. Att'y Gen.*, 608 F.3d 1233, 1240-41 (11th Cir. 2010) (holding that an adverse-credibility determination was supported where the applicant's testimony included at least one internal inconsistency and one omission and the petitioner did not provide corroborating evidence that would have rebutted those inconsistencies and omissions).

While "an adverse credibility determination alone *may* be sufficient to support the denial of an asylum application, an adverse credibility determination is not dispositive in some cases." *Mohammed v. U.S. Att'y Gen.*, 547 F.3d 1340, 1352 (11th Cir. 2008) (emphasis in original) (internal quotation marks omitted).  Rather, it is dispositive only when the applicant produces no evidence except for his testimony.  *See id.*  By contrast, when an applicant produces corroborative

6

evidence, "the IJ must consider that evidence, and it is not sufficient for the IJ to rely solely on an adverse credibility determination." *Forgue*, 401 F.3d at 1287. Nevertheless, the Immigration Judge and the Board need not "address specifically each claim the petitioner made or each piece of evidence the petitioner presented, but they must consider the issues raised and announce their decision in terms sufficient to enable a reviewing court to perceive that they have heard and thought and not merely reacted." *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010) (quotations marks and alterations omitted).

To rebut an adverse-credibility determination, the applicant must show that the credibility decision was not supported by "specific, cogent reasons" or was not based on substantial evidence. *Forgue*, 401 F.3d at 1287. Because of the petitioner's burden and the totality-of-the-circumstances test, tenable explanations for inconsistencies or implausibilities are insufficient to reverse an adverse-credibility finding if the explanation would not compel a reasonable fact-finder to reverse the adverse-credibility finding. *See Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1233 (11th Cir. 2006).

II

We find the adverse credibility finding to be supported by specific, cogent reasons. Mr. Lin did not allege anywhere in his original asylum application that he personally suffered physical harm in China. Instead, his original claim was based

on his wife's alleged forced abortion and his fear that if removed to China he would be jailed and fined "because [he] left China without permission." AR at 389. Although Mr. Lin made several changes to his application in early 2007, when he appeared before immigration officials, the Immigration Judge found that "the[se] changes did not indicate that anything personally had happened to [Mr. Lin]. They did not show that he had engaged in any resistance whatsoever to the Family Planning Policies." AR at 27.

In November 2010, roughly three weeks before his merits hearing, Mr. Lin submitted an affidavit "to add" new details to his application. AR at 199. Among these details were new allegations of physical harm levied against Mr. Lin contemporaneous with the previously alleged acts of physical harm inflicted against his wife. At the hearing, however, Mr. Lin testified that the affidavit, rather than adding new allegations, was only submitted to correct errors in translation that had occurred during preparation of the original application. AR at 483. *See also* AR at 495 ("[Mr. Lin] says that the reason is that there was a problem with translation, where his declaration says he is adding the information. The Affidavit itself says he is adding.") The Immigration Judge further noted that there was nothing in the original application supporting Mr. Lin's new allegations of harm and, therefore, his explanation that these allegations were inadvertently omitted due to translation error was implausible.

Mr. Lin argues that the Immigration Judge did not consider the "documentary and other supporting evidence" that he submitted. *See* Petitioner's Initial Brief at 24-25.   The Immigration Judge, however, did acknowledge the exhibits, *see* AR at 22, and was not required to discuss each piece of evidence that Mr. Lin submitted. *See Ayala*, 605 F.3d at 948.  None of the exhibits, including a letter dated January 7, 2007, from Lian YanPing, *see* AR at 365, and another dated December 26, 2006, from Mr. Lin's wife, *see* AR at 359-60, contained any reference to physical harm suffered by Mr. Lin himself. *See* AR at 202-97. *See also Forgue*, 40 F.3d at 1287 (applicant has the burden of rebutting the adverse credibility determination).    Moreover, the Board specifically noted that Mr. Lin failed to identify "evidence of record that corroborates" his allegations of physical harm.  AR at 4.  Mr. Lin produced no evidence other than his own testimony and his November 2010 affidavit suggesting his own past persecution.  Accordingly, the Board's adverse credibility finding was supported by substantial evidence and was sufficient to deny Mr. Lin's claim. *See Mohammed*, 547 F.3d at 1352 (holding that an adverse credibility determination may be dispositive where the applicant does not produce any corroborating evidence).

### III

Because we affirm the Board's adverse credibility determination, we need not opine on the sufficiency of Mr. Lin's evidence of past persecution or a well-

founded fear of future persecution.  And because Mr. Lin is unable to satisfy the standard for asylum, he is also unable to meet the more stringent standard for withholding of removal.  *See Sepulveda*, 401 F.3d at 1232-33.  Accordingly, we deny Mr. Lin's petition for review.

**DENIED.**