[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11069
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cr-00004-BAE-GRS-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIDAESHA V. TAYLOR,
a.k.a. Tidy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(August 28, 2014)

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Tidaesha Taylor appeals her total 75-month sentence, imposed after she

pleaded guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C.

§ 1349, and aggravated identify theft, in violation of 18 U.S.C. § 1028A.  On appeal, Taylor argues that the district court erred by enhancing her offense level by 12 levels based on a loss amount of between $200,000 and $400,000. Additionally, Taylor challenges her sentence as substantively unreasonable.

I.

Taylor pleaded guilty to one count of conspiracy and one count of aggravated identity theft pursuant to a written plea agreement.  The plea agreement contained a waiver-of-appeal provision in which Taylor waived her right to directly appeal or collaterally attack her convictions and sentences, except in a few instances.  Relevant to this appeal, Taylor reserved the right to appeal the amount of loss attributed to her.  At the change-of-plea hearing, Taylor admitted that she had worked with her brother and aunt to obtain personal identification information and file false tax returns.  Taylor's role was as the secretary in what the co-conspirators called "the Office," a small apartment in Statesboro, Georgia. Between January and March 2011, Taylor answered phones, set appointments, checked on the status of filed returns, and greeted people who came to the Office to file returns.  The co-conspirators filed approximately 155 returns during that period.  Taylor knew the returns were fraudulent.

At sentencing, the court held Taylor accountable for an amount of actual loss of $208,231, which was based on the total amount of fraudulent tax returns filed

2

during the January to March 2011 time frame.  This resulted in a 12-level increase in her offense level under U.S.S.G. § 2B1.1(b)(1)(G).  Taylor faced an advisory guideline range of 41 to 51 months' imprisonment on the conspiracy count.  The aggravated identity theft carried a mandatory 24-month consecutive sentence under 18 U.S.C. § 1028A(a)(1).  Taylor objected to the 12-level enhancement, arguing that she should be held responsible for only a portion of the loss because she was a part-time employee at the Office and was only involved for 3 months.  The court disagreed because the amount of loss reflected only those returns in the relevant time period, and Taylor was responsible for the foreseeable acts of her co-conspirators.  The court sentenced Taylor to 51 months on the conspiracy count and a consecutive 24 months on the identity theft, for a total of 75 months' imprisonment.  This is Taylor's appeal.

## II.

We review the district court's amount of loss determination for clear error. *United States v. Lee*, 427 F.3d 881, 892 (11th Cir. 2005).  Clear error will be found if we are left with a firm and definite conviction that a mistake has been committed.  *United States v. Maxwell*, 579 F.3d 1282, 1305 (11th Cir. 2009).  There is no clear error in cases where the record supports the district court's findings.  *United States v. Petrie*, 302 F.3d 1280, 1290 (11th Cir. 2002).

Section 2B1.1 of the Sentencing Guidelines provides for enhancements in offense level based on the amount of loss. *See* U.S.S.G. § 2B1.1(b)(1). In calculating the loss, a district court need only make a reasonable estimate of the loss amount, given the available information. *Lee*, 427 F.3d at 893. Because the district court is in a unique position to assess the evidence and estimate the loss based upon that evidence, the court's loss determination is entitled to appropriate deference. U.S.S.G. § 2B1.1, comment. (n.3(C)). If the loss amount is more than $200,000 but less than $400,000, a 12-level enhancement is applied to the defendant's offense level. *Id.* § 2B1.1(b)(1)(G).

As a specific offense characteristic, the loss amount is determined by relevant conduct. *See id.* § 1B1.3(a). Relevant conduct includes the defendant's own acts, but also includes, in the case of a jointly undertaken criminal activity, all reasonably foreseeable acts and omissions of others in furtherance of the criminal activity that occurred during the offense of conviction, in preparation for the offense, or in the course of avoiding detection for the offense. *Id.* § 1B1.3(a)(1)(A), (B).

Here, we see no clear error in the district court's calculation of Taylor's offense level. The evidence showed that the co-conspirators filed 155 fraudulent tax returns for the 2010 tax year. Taylor was only held responsible for the returns filed in the period from January to March 2011, the time in which she worked for

4

the enterprise. Given that Taylor assisted her co-conspirators in an administrative capacity, checked on the status of filed returns, and knew that her actions were illegal, all of the returns filed during her involvement with the conspiracy were reasonably foreseeable co-conspirator acts. Thus, the court properly determined the amount of loss. U.S.S.G. § 1B1.3(a)(1)(B).

## III.

Taylor next challenges the reasonableness of her sentence. We review the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence appeal waiver must be made knowingly and voluntarily. A waiver is valid if the government shows that (1) the district court specifically questioned the defendant about the waiver, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.* When a defendant fails to offer argument on an issue, it is abandoned. *United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998).

Taylor's challenge to the reasonableness of her sentence does not fall into the two exceptions to the appeal waiver contained in her plea agreement. Moreover, Taylor does not challenge the validity of the appeal waiver, and thus she has abandoned the issue of whether the waiver was made knowingly and voluntarily. *Cunningham*, 161 F.3d at 1344. Accordingly, we will not consider Taylor's arguments on appeal concerning the reasonableness of her sentence.

**AFFIRMED.**

6