[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-14855

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JEFFERY WORTHY,
a.k.a. Jeffrey Kenneth Worthy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:04-cr-00217-LMM-CMS-1

_____

Before WILSON, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jeffery Worthy, proceeding *pro se*, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, we affirm.

## I.

In 2004, a jury convicted Worthy of two counts of carjacking, in violation of 18 U.S.C. § 2119. The district court sentenced him to concurrent sentences of 300 months' imprisonment for each count. In November 2020, Worthy, proceeding *pro se*, filed a motion for compassionate release in the district court. Worthy asserted that his hypertension, for which he was on medication, together with the attendant increased risks from possibly contracting COVID-19, constituted extraordinary and compelling reasons to warrant his release. He acknowledged, however, that his illness was not terminal. He also requested that he be released so that he could care for his elderly, terminally-ill mother.

The district court denied Worthy's motion. The court concluded that Worthy had failed to demonstrate extraordinary and compelling reasons for relief based on risk to his personal health. Worthy had acknowledged that his condition was not terminal. And, the court found, Worthy seemed able to manage his hypertension by taking the medications he was prescribed. The court declined to consider on the merits Worthy's argument about his

mother, explaining that Worthy failed to exhaust his administrative remedies. Worthy has appealed.[1]

## II.

We review *de novo* a district court's determination about whether a movant is eligible for a § 3582(c) sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). We review the court's findings of fact regarding the movant's specific circumstances for clear error. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (explaining that a district court abuses its discretion in denying an *eligible* movant compassionate release when it "makes findings of fact that are clearly erroneous"). We liberally construe *pro se* filings. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). And we may affirm for any reason supported by the record. *United States v. Carter*, 969 F.3d 1239, 1242 (11th Cir. 2020).

## III.

---

[1] After filing a notice of appeal, Worthy moved the district court for reconsideration of the denial of his motion for compassionate release. The district court denied the motion for reconsideration as moot, explaining that the notice of appeal divested the court of jurisdiction. Worthy filed an amended notice of appeal that named the denial of his reconsideration motion as part of this appeal, but he has offered no argument on appeal about the reconsideration motion or the mootness ground on which it was denied. He has, therefore, abandoned any argument as to the denial of his motion for reconsideration. *See United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998).

A district court has no inherent authority to modify a defendant's sentence and "may do so only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015); *see* 18 U.S.C. § 3582(c). Section 3582(c) permits a district court to reduce a defendant's sentence in certain circumstances. In this case, Worthy sought a sentence reduction based on § 3582(c)(1)(A). For a person to be eligible for a sentence reduction under this provision, a district court must find, among other things, that "extraordinary and compelling reasons" warrant the reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *see Bryant*, 996 F.3d at 1254.

In *Bryant*, we held that "extraordinary and compelling reasons" are limited to those reasons listed in the Sentencing Commission's policy statement found in United States Sentencing Guideline § 1B1.13. *Bryant*, 996 F.3d at 1262.[2] Section 1B1.13 lists four extraordinary and compelling reasons: the medical condition of the defendant, the age of the defendant, family circumstances, and other reasons. U.S.S.G. § 1B1.13 cmt. n.1.[3] Worthy's two stated reasons for release, his own health and his mother's, do not satisfy these criteria.

First, Worthy's medical condition, hypertension, does not qualify. Under § 1B1.13, a defendant's medical condition

---

[2] Worthy argues that § 1B1.13 is not an applicable policy statement governing his motion, but *Bryant* squarely forecloses this argument.

[3] Worthy has not argued that his age constitutes an extraordinary and compelling reason for release.

20-14855                Opinion of the Court                    5

constitutes an extraordinary and compelling circumstance only when the defendant (1) has a terminal illness or (2) is suffering from a physical or mental condition that diminishes his ability to provide self-care in prison and from which he is not expected to recover. U.S.S.G. § 1B1.13 cmt. n.1(A). Worthy has conceded he does not have a terminal illness. And the district court's finding that he was able to provide self-care in prison with his prescribed medications is not clearly erroneous. *See Harris*, 989 F.3d at 912 (upholding the district court's determination that hypertension was not an extraordinary and compelling circumstance). Thus, we affirm the district court's denial of relief based on Worthy's asserted medical condition.[4]

Second, Worthy's mother's terminal illness does not provide an extraordinary and compelling circumstance. A defendant's family circumstances may warrant a reduced sentence following "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or after "[t]he incapacitation of the defendant's spouse . . . when the defendant would be the only

---

[4] Worthy argues on appeal that his cataracts contribute to his medical problems. The only mention of cataracts in Worthy's district court filings appeared in a communication from the prison's Clinical Director, attached to Worthy's § 3582(c)(2) motion, indicating that Worthy's medical conditions did not satisfy the Bureau of Prisons' compassionate release criteria. Even construing his filings liberally, he did not make any argument before the district court that his cataracts should be considered in conjunction with his hypertension; thus, we do not address his argument made for the first time on appeal. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

available caregiver for the spouse." *Id.*, cmt. n.1(C)(i)-(ii). Based on a plain reading of § 1B1.13, caring for one's parents falls outside the purview of reasons warranting relief. Thus, Worthy's request to care for his mother was inconsistent with § 1B1.13 and would not provide a basis for relief even if the district court had reached the merits of this argument.

The commentary also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed. U.S.S.G. § 1B1.13 cmt. n.1(D). But we made clear in *Bryant* that "other reasons" are limited to those determined by the Bureau of Prisons, and district courts do not have the discretion under the catch-all provision to develop other reasons outside of those listed in § 1B1.13 that might justify a reduction in a defendant's sentence. *Bryant*, 996 F.3d at 1263. The Bureau of Prisons has not determined that Worthy's desire to care for his ailing mother qualifies under this catch-all provision; thus, he is not entitled to relief under it.

For these reasons, we affirm the judgment of the district court.

**AFFIRMED**.

20-14855                Opinion of the Court                7